## Amado Unemployment Compensation Case.

Argued November 10, 1954. Before RHODES, P. J., HIRT, ROSS, WRIGHT, WOODSIDE and ERVIN, JJ. (GUNTHER, J., absent).

*Charles E. McKissock,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Frank F. Truscott,* Attorney General, for appellee.

OPINION BY WOODSIDE, J., January 14, 1955:

This is an appeal from the Unemployment Compensation Board of Review's denial of the appellant's claim for unemployment compensation on the ground that his unemployment was "due to voluntarily leaving work without good cause" within the meaning of Section 402(b) of the Unemployment Compensation Law, Act of December 5, 1936, P. L. 2897, §402 as amended by the Act of August 24, 1953, P. L. 1397, §4, 43 PS §802.

There is no dispute as to the material facts in this appeal and they may be summarized in the following manner:

The claimant was last employed as a credit manager by the Bond Clothing Company in Pittsburgh at a weekly wage of $85, from October 1952 until March 6, 1954. On or about February 27, 1954, the claimant informed his employer that he intended to resign from his employment on March 31, 1954 as he had hopes of obtaining employment elsewhere.

The employer took steps to secure a replacement for the claimant and accordingly a new employe was hired for the position of credit manager on March 1, 1954.

When the employer determined that the new employe could satisfactorily perform the work he notified the claimant that his services would not be needed after March 6, 1954, since the company could not use two employes in the same capacity. The claimant was

therefore terminated on March 6 and given one week's pay for the week ending March 13, 1954.

It is admitted that the claimant did not have a definite commitment from any other employer at the time he submitted his resignation. As a matter of fact, his indefinite hopes of securing other employment failed to materialize and consequently the claimant was out of work for an indefinite period subsequent to March 6, 1954.

The claimant filed a valid application for benefits on March 14, 1954. Thereafter he filed a waiting week claim for the week ending March 20 and two consecutive claims for weeks ending March 26 and April 3. The only week at issue is the week ending April 3, a portion of which is subsequent to the effective date of his resignation.

It is the contention of the claimant that despite his submission of a resignation effective March 31, the employer's act in accelerating the separation from employment to March 6 renders all weeks subsequent thereto compensable. With this contention we cannot agree.

As we previously pointed out in the *Campbell Unemployment Compensation Case*, 175 Pa. Superior Ct. 592, 596, 106 A. 2d 687 (1954): ". . . the idiomatic phrase 'due to' [found in §402(b) of the Act] imports a causal relationship . . . It brings into the unemployment compensation law the principles and theory of legal causation." And by applying these principles to the instant facts we can come to no other conclusion than that the claimant's voluntary resignation was the cause of his unemployment after March 31. Barring this volitional act on the claimant's part he would have had continuing employment for an indefinite period.

There is no question as to claimant's eligibility until March 31, since the employer's act in accelerating

the separation date was the proximate cause of his unemployment until the date he selected as his resignation date.

We cannot subscribe to the theory that once the employer elected to discharge him the claimant must be deemed eligible irrespective of causative factors. This act is for the "benefit of persons unemployed through no fault of their own." How can we realistically say that this claimant's unemployment after March 31 was "through no fault of his own?" The claimant himself set in motion a chain of circumstances leading to his separation and resultant unemployment and he must bear the onus therefore.

We wish to point out however, that had the claimant secured a definite commitment for other employment upon which it would have been reasonable to rely and if then for some supervening reason this other job had failed to materialize—a different conclusion might be warranted. However that is not this case.

Order affirmed.