George Lovrekovic, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 5, 1978, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*John J. Petrush,* with him *McClain, Petrush, Young & Miller,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

Opinion by Judge Wilkinson, Jr., June 29, 1978:

This is an appeal from an order of the Unemployment Compensation Board of Review (Board) finding the petitioner (claimant) ineligible for benefits under Section 402(b)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802 (b)(1) (voluntarily leaving work). We affirm.

Since whether the conduct of the employee constitutes a voluntary termination is a question of law the resolution of which is dependent upon facts as found by the compensation authorities, *Correa v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct. 13, 374 A.2d 1017 (1977), we begin our review with the findings of fact made by the referee and adopted by the Board, which were as follows:

1. The claimant was last employed by Woodlawn Laundry as a truck driver at $100.00 per week, plus commission, and his last day of work was August 6, 1976.

2. The claimant was experiencing difficulties performing his job duties because of his health.

3. The claimant was not advised by a physician to terminate his employment relationship.

4. On July 23, 1976 [Friday] the claimant advised the employer he was looking for other work.[1]

5. The claimant did not have a definite offer of work with any other employer at this time.

6. The employer hired a replacement for claimant on July 26, 1976 [Monday] who

---

[1] The employer's representative testified at the referee's hearing on this finding that the claimant also asked him at that time, "[W]hen can you get someone for me to break in on the route."

worked with the claimant until August 6, 1976 [Monday] to learn the route.

7. Following August 6, 1976, the Claimant's services were no longer needed because his replacement had been trained and was able to perform the job duties.

The threshold and only question in this case is whether, as a matter of law, an employee who advises his employer that he is looking for other work voluntarily terminates his employment within the meaning of Section 402(b)(1) when the employer hires a replacement in reliance on the employee's statement and the employee subsequently is terminated when the replacement has been sufficiently trained.

Once an employee submits a resignation which sets in motion the process whereby a replacement is hired his subsequent unemployment is deemed a voluntary termination, rather than a discharge, when the employer elects to retain the replacement upon an attempt by the employee to withdraw the resignation. *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976); *Soyster Unemployment Compensation Case*, 197 Pa. Superior Ct. 547, 180 A.2d 123 (1962); *Dykan Unemployment Compensation Case*, 197 Pa. Superior Ct. 153, 177 A.2d 160 (1962); *Amado Unemployment Compensation Case*, 177 Pa. Superior Ct. 506, 110 A. 2d 807 (1955). The rationale for finding that an employee has voluntarily quit work under circumstances where the employee submits his resignation or gives "notice" was enunciated by our Superior Court in *Campbell Unemployment Compensation Case*, 175 Pa. Superior Ct. 592, 596, 106 A.2d 687, 689 (1954) where the Court noted the idiomatic phrase "due to" in Section 402(b)(1) of the law "imports a causal relationship. . . . It brings into the unemployment compensation law the principles and theory of legal causation."

Applying the proximate cause test to the instant case, it is clear that the claimant's statement to the employer set off the chain of events that led to his unemployment and was thus its factual cause. The employer's act in hiring a replacement was based solely on the claimant's statement that he was looking for other work and but for this notification the replacement would never have been hired. It was this act that was therefore the proximate cause of the claimant's unemployment after August 6, 1976, the time that the employer determined the replacement was sufficiently trained.

Accordingly, we will enter the following

ORDER

AND NOW, June 29, 1978, the order of the Unemployment Compensation Board of Review at No. B-140759, dated February 15, 1977, is hereby affirmed.