Ellen Zibelman, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 7, 1980, before Judges Crum-
lish, Jr., Mencer and Craig, sitting as a panel of
three.

*Ronald A. Smith*, for appellant.

*Charles G. Hasson*, Assistant Attorney General,
with him *Richard Wagner*, Chief Counsel and *Edward
G. Biester, Jr.*, Attorney General, for respondent.

Opinion by Judge Craig, March 13, 1980:

Claimant Ellen Zibelman appeals from an Unem-
ployment Compensation Board of Review decision af-
firming the referee's determination that she was in-
eligible for benefits under Section 402(b)(1), of the
Unemployment Compensation Law, 43 P.S. §802(b)
(1),[1] because she had terminated her employment
without cause of a necessitous and compelling nature.

Claimant was employed as a dental assistant and
her duties included assisting the doctor in surgery
procedures, which required direct patient contact.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897,
*as amended.*

Claimant's hairstyle had become a problem over a period of three months, from the point at which claimant had begun to wear her hair naturally curly. The doctor testified that he had repeatedly requested claimant to tie her hair back when she was working in the operating room, because of the need to maintain sanitation for the patients and also to protect claimant from the danger of having her hair tangled in the equipment. Finally, when claimant failed to comply with his repeated requests, on September 11, 1978, the doctor issued claimant an ultimatum either to do something with her hair or not bother to report to work on the following Monday.

Claimant returned to the office only to pick up her paycheck, although the doctor testified that he kept the position open for claimant for a week.

On appeal, claimant asserts that the referee erred as a matter of law in deciding the case under the provisions of Section 402(b)(1), and asserts that, if the referee had permitted the introduction of testimony on the issue, claimant would have proved that she was discharged for conduct that did not amount to "willful misconduct" under Section 402(e), 43 P.S. §802 (e), and was therefore eligible for benefits.

First, it is clear from the record that the referee did not in any way prohibit claimant from introducing her theory of discharge. Claimant's attorney argued at length on the merits of the Section 402(e) theory. However, whether a termination is a voluntary quit or a discharge is a matter of law based on the particular facts of the case as found by the compensation authorities. *Simpson v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 246, 395 A.2d 309 (1978).

Claimant does not assert that any necessitous or compelling cause existed for her termination, but

rather on appeal seeks to have us review this case on the basis of Section 402(e). Because this case was presented and decided under Section 402(b)(1), as a voluntary quit, we must therefore review the determination in that light. *Gordon v. Unemployment Compensation Board of Review*, 44 Pa. Commonwealth Ct. 270, 403 A.2d 235 (1979).

The referee's finding that claimant voluntarily left her employment is supported by substantial evidence and is correct as a matter of law; therefore, our scope of review is limited, and we affirm the board's order.

### ORDER

AND Now, this 13th day of March, 1980, the order of the Unemployment Compensation Board of Review (No. B-166922) dated December 15, 1978, is affirmed.

President Judge BOWMAN did not participate in the decision in this case.