Margaret A. O'Connor, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. Legislative Management Committee (R), Party Respondent.

Argued March 13, 1980, before President Judge CRUMLISH and Judges ROGERS and CRAIG, sitting as a panel of three.

*F. D. Hennessey, Jr.,* with him *Margaret A. O'Connor,* for petitioner.

*William J. Kennedy,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

*Joseph W. Murphy,* for party respondent.

OPINION BY JUDGE CRAIG, April 17, 1980:

Claimant Margaret A. O'Connor appeals from a decision of the Unemployment Compensation Board

of Review denying her claim for benefits under Section 402(b)(1) of the Unemployment Compensation Law, 43 P.S. §802(b)(1),[1] and further determining that claimant's initial receipt of benefits was a recoupable fault overpayment under Section 804(a) of the law, 43 P.S. §874(a).

While claimant was a law student she worked as a communications coordinator at the Pennsylvania House of Representatives. The board denied claimant benefits, reasoning that because claimant had voluntarily left her employment with the House of Representatives to pursue tentative employment in Delaware County, she had terminated without necessitous and compelling cause and therefore was ineligible for benefits under Section 402(b)(1) of the law.

On appeal, claimant contends that there is no substantial record evidence to support the board's finding that she voluntarily terminated her employment, and also that the board erred as a matter of law in determining that her separation was voluntary within the meaning of Section 402(b)(1).

Whether an employee's conduct constitutes a voluntary termination is a question of law, the resolution of which is dependent upon the facts as found by the compensation authorities. *Lovrekovic v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 364-65, 387 A.2d 685-86 (1978).

Claimant maintains that her relocation plans were at all times tentative because she did not have a firm job offer and that she did not quit her job with the House of Representatives, but rather that her position ran out. However, claimant also testified, with regard to the job in Delaware County, that it was clear to her that, "I would eventually have a job if I wanted it but when and none of the details were clear."

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended.*

The employer's representative here testified that claimant's representations, to the effect that she was considering a tentative job offer in Delaware County and that she was considering relocating, were the proximate cause of the employer's failure to consider claimant a candidate for continued employment.[2]

In *Lovrekovic, supra,* 36 Pa. Commonwealth Ct. at 366, 387 A.2d at 686, we stated, on the authority of *Campbell Unemployment Compensation Case,* 175 Pa. Superior Ct. 592, 596, 106 A.2d 687, 689 (1954):

[T]he idiomatic phrase 'due to' in Section 402 (b)(1) of the law 'imports a causal relation-

---

[2] The employer's representative, Mrs. MacNett, testified that claimant had worked for four-and-a-half years under a specifically designed accommodation that permitted claimant to work part-time evening hours during the academic year and full-time during the summer recess. Mrs. MacNett testified regarding the events which culminated in claimant's separation from her position:

A: [I]n January, Peggy had me send inquiries about jobs being available, what was expected to be available, nothing formal but feelers, you know, about jobs. In the meantime between January and April, and I cannot designate exactly when it became common knowledge with the House that Peggy had a job offer and was going to Delaware County. If she was working in Delaware County, that involved a relocation. In April I called her to try to confirm whether or not she was in fact relocating and that's the point at which we made, I felt mutual arrangements for a convenient date.

Q: All right, was it confirmed that she was relocating?

A: I talked to Peggy on the phone, I mentioned this possibility and she did not say that she was not leaving.

She left me under the impression that she was relocating. Mrs. MacNett explained that, once claimant's relocation became obvious, claimant was not considered further for continued full-time employment. Employer's representative also stated that it was the normal procedure for law students to terminate their employment sometime after graduation from law school, and claimant did not take any actions to secure continued employment.

ship. . . . It brings into the Unemployment Compensation Law the principles and theory of legal causation.'

Thus, when the section says "unemployment . . . due to voluntarily leaving work," it plainly means unemployment caused by the employee's act of leaving.

Hence, because claimant's actions brought about the separation, it must be deemed a voluntary termination.

The mere possibility of obtaining another job, without a firm offer of employment, is insufficient to constitute necessitous and compelling cause for termination and will not qualify a claimant for unemployment compensation benefits. *Unemployment Compensation Board of Review v. Pennsylvania Power and Light Co.*, 23 Pa. Commonwealth Ct. 220, 351 A.2d 698 (1976); *Eckenrod v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 166, 325 A.2d 320 (1974). Because claimant's leaving was spurred only by a possibility of other employment, we agree with the board that claimant has failed to carry her burden under Section 402(b)(1).

We also affirm the board's determination that claimant was the recipient of a fault overpayment under Section 804(a), 43 P.S. §874(a). Claimant stated on her application for unemployment benefits that she was unemployed because, "Job ended—there was no other place for me." In *Stormer v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 220, 378 A.2d 1037 (1977), a similar misrepresentation was found to constitute a basis for the finding of a "fault overpayment"—one where "blame, censure, impropriety, shortcoming or culpability attaches" to the claimant. *Daniels v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 241, 246, 309 A.2d 738, 742 (1973).

Therefore, the decision is affirmed.

### ORDER

AND Now, this 17th day of April, 1980, the order of the Unemployment Compensation Board of Review dated January 11, 1979 (B-167836) is affirmed.