1030 North West End Boulevard, Inc., trading as Benetz Inn, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 10, 1980, before Judges WILKINSON, JR., MENCER and MACPHAIL, sitting as a panel of three.

*Richard Brown*, with him *Kevin T. Keane, Mc-Quiddy & Brown*, P.C., for petitioner.

*John Kupchinsky*, Assistant Attorney General, with him *Richard Wagner*, Chief Counsel and *Edward G. Biester, Jr.*, Attorney General, for respondent.

OPINION BY JUDGE MENCER, July 31, 1980:

1030 North West End Boulevard, Inc., trading as Benetz Inn (Benetz) appeals from an order of the Unemployement Compensation Board of Review (Board), which reversed a referee's decision denying benefits to Jill M. Crum (claimant). We affirm the Board.

The facts are undisputed. Claimant was employed by Benetz as a cook, and her last day of work with Benetz was November 30, 1978. On or about October 15, 1978, claimant informed Benetz that she and a co-worker planned to open and operate the Chestnut Hill Inn sometime in the future and that, as soon as she knew for sure, she would give Benetz two weeks' notice of her leaving. In order to have continuity of the services of a trained staff, Benetz began to hire and train a replacement for claimant. On November 30, 1978, claimant was advised by Benetz that her replacement was ready to assume her duties and that, therefore, as of December 1, 1978, claimant's services were no longer required.

The Bureau (now Office) of Employment Security denied benefits because claimant voluntarily terminated her employment and was, therefore, ineligible for benefits under Section 402(b)(1) of the Unemployment Compensation Law (Act), Act of December 5,

1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1). The referee affirmed. The Board, however, characterizing the separation as a discharge, reversed the referee and granted benefits on the ground that Benetz had not sustained its burden of proving willful misconduct under Section 402(e) of the Act, 43 P.S. §802(e). This appeal followed.

Benetz argues that our decision in *Lovrekovic v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 364, 387 A.2d 685 (1978), is indistinguishable from the instant case and is, therefore, controlling. We disagree.

In *Lovrekovic,* the claimant advised his employer that he was looking for other work. At the time, claimant had no definite offer of work with any other employer. His employer hired a replacement, and, when the replacement was fully trained, the employer discharged the claimant. Our Court ruled that the employee had voluntarily terminated his employment.

Here, however, claimant qualified her notice with the proviso that she would serve *two weeks' notice* prior to her leaving. We do not believe that claimant's statement "set off the chain of events that led to [her] unemployment and was thus its factual cause." *Lovrekovic, supra,* 36 Pa. Commonwealth Ct. at 367, 387 A.2d at 686. Rather, we believe that the precipitating event would be service of the two-week notice to Benetz. While the claimant in *Lovrekovic* alerted his employer that he would be leaving at any time, here claimant has, in effect, promised to keep her employment for two weeks after she notifies Benetz that she is leaving.

This interpretation comports with other cases in this area. In *Soyster Unemployment Compensation Case,* 197 Pa. Superior Ct. 547, 180 A.2d 123 (1962), the court held that the two-week notice served by claimant upon employer set in motion the process

whereby arrangements were made for claimant's replacement. In *Amado Unemployment Compensation Case,* 177 Pa. Superior Ct. 506, 110 A.2d 807 (1955), the claimant informed his employer that he intended to resign on a certain date. Prior to that date, however, the employer hired and trained a replacement and terminated claimant's employment. The court reasoned that the claimant was discharged for the period of time prior to the date on which he was to resign and that, after that date, claimant had voluntarily terminated his employment.[1] *Cf. Walker v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976) (submission of a written resignation is a voluntary termination if the employer takes steps to replace the employee before the employee revokes his resignation).

We conclude, therefore, that until the two-week notice was served, claimant had not sufficiently set the wheels in motion to cause her to voluntarily terminate her employment. The Board properly determined that claimant was discharged and, since there is no evidence in the record of willful misconduct, properly granted benefits.

Accordingly, we enter the following

ORDER

AND NOW, this 31st day of July, 1980, the order of the Unemployment Compensation Board of Review, dated April 27, 1979, granting benefits to Jill M. Crum, is hereby affirmed.

---

[1] There is no indication in the record that Benetz needed more than two weeks to properly train a replacement; nor is there evidence that Benetz requested a definite date of leaving from claimant.