Gregory Walker, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. Keebler Company, Intervenor.

Argued December 12, 1980, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Richard J. Conn,* for petitioner.

*Elsa D. Newman-Silverstine,* Assistant Attorney General, for respondent.

*John E. Krampf,* with him *William J. Flannery, Morgan, Lewis & Bockius,* for intervenor.

OPINION BY JUDGE BLATT, February 4, 1981:

The petitioner, Gregory Walker, seeks review of a decision of the Unemployment Compensation Board of Review denying benefits to him on the grounds that he voluntarily terminated his employment without necessitous and compelling cause and is, therefore, ineligible under Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

The petitioner was last employed by Keebler Company as an employment manager at a salary of $18,000 per year, and his last day of work was March 16, 1979. His application for unemployment benefits was denied by the Bureau (now Office) of Employment Security for having voluntarily left his employment without necessitous and compelling cause in that he resigned in order to find new employment. He appealed this decision, claiming that he had not resigned, but had been discharged, and, after a hearing, the referee affirmed the denial of benefits and made the following relevant findings of fact, which were later adopted by the Board:

2. Claimant was dissatisfied as he had not been granted a promotion to a position of

higher authority and decided to seek other employment.

3. In October, 1978, claimant informed his immediate superior of his intent to resign the beginning of January, 1979, to seek employment elsewhere.

4. Claimant's superior assisted claimant in his endeavor, and helped him prepare a resume and sent letters to approximately 30 or 35 prospective employers.

5. The claimant had not obtained other employment by January, 1979, and requested a three week vacation which was granted from January 29, 1979, through February 16, 1979, to afford him time to seek other employment.

6. A mutual agreement was made that claimant would leave employment on February 23, 1979.

7. The claimant requested and was granted an additional three week period in which to seek employment and the termination date was changed by mutual agreement to March 16, 1979, at which time the employment relationship was severed.

We have held previously, of course, that the issue as to whether a termination is a voluntary quit or a discharge is a question of law to be determined by this Court based upon the findings of fact made by the Board. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977); *Zibelman v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 108, 411 A.2d 1313 (1980).

The petitioner argues first that the findings of the Board are not based on substantial evidence in that: (1) finding No. 3 was that he had expressed an intention to resign but he actually had informed his

employer only that he wished to seek employment elsewhere; (2) finding No. 6 set out the existence of a mutual agreement to terminate his employment as of February 23, 1979, but, in fact, no such agreement had been entered into; and (3) finding No. 7 implies that he voluntarily agreed to terminate his services on March 16, 1979, whereas his employer coerced him into either selecting that date or being discharged immediately. A review of the record discloses substantial conflicting testimony in regard to the petitioner's expressed intent to resign and the existence of mutual agreements by which the date for the termination of the petitioner's services was set. In light of the Board's role as the ultimate factfinder, however, we must defer to its determination of the relative credibility of the witnesses, and we will, therefore, sustain the facts as found. *Funkhouser v. Unemployment Compensation Board of Review*, 53 Pa. Commonwealth Ct. 33, 416 A.2d 646 (1980).

Alternatively, the petitioner argues that, as a matter of law, his conduct did not constitute a voluntary termination because he was at all times willing to continue his employment. He claims that his separation from the company came only after a demand by his supervisor that he quit either immediately or in three weeks. Having reviewed the record, we cannot say, as a matter of law, that the petitioner did not voluntarily terminate his employment. We recognize, of course, that an employee who resigns after being given a choice of leaving his job or being discharged is not necessarily a voluntary quit, *Philadelphia Parent Child Center, Inc. v. Unemployment Compensation Board of Review*, 44 Pa. Commonwealth Ct. 452, 403 A.2d 1362 (1979), but we must find that the petitioner's conduct when viewed in its totality, amounted to a resignation. In October of 1978, he told his employer of his intent to resign as of January, 1979. He could

have continued in employment, but, in reliance on his expressed intent to leave, the employer, as part of an ongoing austerity program, deleted the petitioner's position from its budget and plans for 1979. Even so, his employment continued on into 1979 while he sought other opportunities, but the employer eventually found it necessary, as a matter of managerial and financial planning, to require that he set a specific date for his departure. February 23, 1979, was originally set and that date was later changed to March 16, 1979. We believe that the petitioner's termination resulted from his own conduct and that the employer's demand for the setting of a definite departure date was not a discharge but was, instead, the culmination of a series of events founded solely upon the petitioner's clearly evidenced intent to leave Keebler and to seek other employment. *O'Connor v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 573, 413 A.2d 458 (1980).

We will, therefore, affirm the order of the Board.

#### Order

AND, Now, this 4th day of February, 1981, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.