York Tape and Label Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 1, 1981, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Allen H. Smith,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Assistant Attorney General, Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, October 8, 1981:

The York Tape and Label Corporation (petitioner) has appealed from a decision of the Unemployment Compensation Board of Review (Board) which reversed the referee and awarded benefits to Karen V. Jacoby (claimant). We affirm.

The claimant had been employed by the petitioner as a graphic designer for some 8 years. In mid-September 1978, in the course of a discussion with the petitioner's personnel director, the claimant stated that she was looking for another job. On October 22, 1978, the claimant's supervisor informed her that she had been replaced and that her last day of work would be November 4.

The claimant applied for unemployment compensation benefits but was initially found to be ineligible by the Office of Employment Security (OES) because she had voluntarily terminated her employment.[1] The referee modified the OES determination

---

[1] At the time of the referee's decision, the voluntary termination provisions were found at Section 402(b)(1) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second

and ruled that the claimant was ineligible because of willful misconduct.[2] The referee's decision was originally affirmed by the Board and appealed to this Court. The Board and the claimant jointly moved to have the case remanded, and the Board subsequently reversed the referee and granted benefits. The present appeal followed.

The petitioner has raised five issues for our consideration: 1) whether the Commonwealth Court erred in permitting the Board to reconsider the case after an appeal had been filed, 2) whether the Commonwealth Court's remand order was improper because it directed the Board to issue a "new decision," 3) whether the Board erred in reversing its original decision without hearing additional evidence, 4) whether the Board erred in finding that the claimant had informed her employer that she intended to look for other work at some future time, and 5) whether the Board capriciously disregarded competent evidence when it rejected the petitioner's contention that the claimant had voluntarily quit. None of these contentions persuade us that the Board should be reversed.

The Board's decision of April 11, 1979 (first decision) contained five statements denominated as findings of fact:

1. Claimant last worked with York Tape and Label Corporation as a Marketing Service Graphic Designer at a bi-weekly salary of $235.00. Her last day of work was November 3, 1978.

2. Claimant became dissatisfied with the fact that she was not made Head of the Depart-

Ex. Sess., P.L. (1937) 2897, *as amended, formerly* 43 P.S. §802 (b)(1). The Act of July 10, 1980, P.L. 521, repealed Section 402 (b)(2) of the Act and renumbered Section 402(b)(1) as Section 402(b). The applicable provision is now found at 43 P.S. §802(b).

[2] Section 402(e) of the Act, 43 P.S. §802(e).

ment instead of her co-worker, and informed the employer of her intent to leave to seek other employment.

3. When the employer became aware of claimant's intention to leave, he hired someone to replace her.

4. Had claimant not announced her intention to leave her employment, she could have remained in this employment.

5. Claimant was not discharged, nor was she laid off, and continuing employment was available had she desired to remain employed.

These findings were inadequate because they did not indicate whether the claimant's statement of future intent to resign was sufficiently definite to "set the wheels in motion to cause her to voluntarily terminate her employment." *1030 North West End Boulevard, Inc. v. Unemployment Compensation Board of Review,* 53 Pa. Commonwealth Ct. 314, 317, 417 A.2d 294, 296 (1980).[3]

When the first decision was appealed, the Board apparently recognized the inadequacy of the findings and asked to be permitted to reconsider the matter after hearing oral arguments by the parties. This Court agreed that the case could be handled most expeditiously by a remand to the Board and entered an order to that effect. The Court's action was well within its powers, pursuant to Section 706 of the Judicial Code, 42 Pa. C. S. §706, as incorporated in Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

The petitioner argues that it was wrongfully denied an opportunity to participate in the decision to remand the case. We find it difficult to agree with

---

[3] *1030 North West End Boulevard, Inc.,* was decided after both Board decisions in this case. Nevertheless, the same line of reasoning would have been applicable to the first Board decision.

the petitioner's position. The petitioner could have intervened in the appeal of the first decision as a matter of right, pursuant to Pa. R.A.P. 1531(a). Instead, the petitioner was content to allow the Board to conduct the appeal. The result of this election not to intervene was that the petitioner did not have the opportunity to argue against the remand before this Court. After the case was remanded, however, the petitioner was given the opportunity to argue before the Board at the reconsideration hearing.

Section 510 of the Act, *formerly* 43 P.S. §830, repealed by Section 2(a) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a) [1172], expressly provided that "the board shall be made the party defendant" in any appeal from a final Board decision. A similar provision is now found at Section 510.1 of the Act, added by Section 20 of the Act of July 10, 1980, P.L. 521, 43 P.S. §830.1. In light of these legislative pronouncements and the petitioner's failure to avail itself of its right to intervene in the appeal of the first decision, we cannot hold that we erred in failing to require the petitioner's participation in our decision to remand the case to the Board.

Once the case had been remanded, it was necessary for the Board to again issue a final decision pursuant to Section 504 of the Act, 43 P.S. §824. Our direction to the Board to "issue a new decision as it shall deem proper and necessary" merely recognized this duty of the Board. We did not mandate a *different* decision —merely one which reflected the result of the Board's reconsideration, regardless of what that result was. The Board issued such a decision on November 15, 1979 (second decision).[4] The second decision reflected a result which was different from that contained in

---

[4] The second decision contained the following findings of fact which, with the exception of that portion of finding No. 2 which is discussed *infra*, are supported by substantial competent evidence:

the first decision, but the different result was dictated by the facts and the law, not by this Court's remand order.

The petitioner next argues that if the remand order was proper, then the Board could not change its findings and conclusions without hearing additional testimony. We reject this argument. We have held that the Board may change its findings and conclusions without hearing additional evidence where it properly grants reconsideration of a case. *Pastorius v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 50, 411 A.2d 1301 (1980). We see no reason to apply a different rule where a case has been remanded to the Board by this Court. The Board need not conduct additional hearings so long as it can reach a decision which is consistent with its conclusions of law and findings of fact and those findings of fact are supported by substantial competent evidence. *See Barnett v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 360, 408 A.2d 195 (1979). To determine whether the Board reached such a decision in this case, we must consider the petitioner's two substantive arguments.

----

1. Claimant last worked with York Tape and Label Corporation as a Marketing Service Graphic Designer at a bi-weekly salary of $235.00. Her last day of work was November 3, 1978.

2. In mid September, 1978, the claimant informed the employer that she intended sometime in the future to look for other work.

3. On October 22, 1978, claimant was notified by the employer that she had been replaced and that November 3, 1978, had been set by the employer as her last day of work.

4. The employer terminated the claimant's services on November 3, 1978.

5. Claimant performed her assigned tasks to the best of her ability.

First, the petitioner argues that the Board misstated the facts when it found that "the claimant informed the employer that she intended sometime in the future to look for other work." We agree that the evidence clearly shows that the claimant told the personnel director that she *was* looking for work at the time of the conversation. We fail to see, however, why this misstatement alters the case in any way. The Board could not have reached a different result under either Section 402(e) or former Section 402(b)(1) of the Act, even if it had found that the claimant told the personnel director that she was looking for other work at the time of their conversation.

Looking for another job does not, *in itself,* constitute willful misconduct. It does not evidence "(1) the wanton and wilful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employee, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations." *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 97, 309 A.2d 165, 168 (1973).[5]

This brings us to the key question in the case: whether the claimant's conduct constituted a voluntary termination of her employment. We hold that it did not.

Whether an employee has voluntarily terminated his employment is a question of law to be resolved by looking at the facts of each case. *Hutt v. Unemployment Compensation Board of Review,* 28 Pa. Commonwealth Ct. 57, 367 A.2d 390 (1976). In order to

---

[5] The petitioner has not asserted that it had a rule against looking for another job.

have found a voluntary termination in this case, the Board would have been required to conclude as a matter of law that the claimant's mid-September conversation with the personnel director was sufficiently definite to constitute a resignation. Such a conclusion would not have been consistent with the findings of fact or with the evidence.[6] The claimant did not give a date certain on which her employment was to terminate; she did not even say that she would give notice at some future time of her intention to leave. She merely made the statement, in the context of a dispute over access to personnel files, that she was looking for another job. This could not have constituted a resignation absent some additional triggering event. *See 1030 North West End Boulevard, Inc.*[7] Therefore, the Board's misstatement of the facts was harmless. *Wetzel v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 195, 370 A.2d 415 (1977).

Since the Board's second decision is consistent with its conclusions of law and findings of fact, and since those findings are supported by substantial competent evidence, we hold that the Board did not err in failing to hear additional testimony after the case was

---

[6] In this regard, the petitioner has incorrectly framed its fifth issue. The question is not whether the Board capriciously disregarded competent evidence but whether the evidence permitted the conclusion that the claimant had voluntarily terminated her employment. It did not.

[7] *Compare with Lovrekovic v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 364, 387 A.2d 685 (1978), in which the triggering event was the claimant's *active* participation in *hiring and training* his own replacement. *See also Walker v. Unemployment Compensaton Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976), in which the employee had submitted a *written* resignation. In each of these cases the issue was whether a resignation could later be revoked; in neither case did the employee argue that his actions did not constitute a resignation.

remanded by this Court. *See Barnett v. Unemployment Compensation Board of Review.*

For these reasons, we enter the following

### ORDER

AND Now, this 8th day of October, 1981, the order of the Unemployment Compensation Board of Review, dated November 15, 1979, which granted benefits to Karen V. Jacoby, is hereby affirmed.

### AMENDED ORDER

Now, this 21st day of October, 1981, the order of this Court in the above entitled case, dated October 8, 1981, is hereby amended to read as follows:

AND Now, this 8th day of October, 1981, the order of the Unemployment Compensation Board of Review, dated November 13, 1979, which granted benefits to Karen V. Jacoby, is hereby affirmed.