Clyde Altemose, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. Effort Foundry, Inc., Intervenor.

Submitted on briefs September 15, 1982, to President Judge CRUMLISH, JR. and Judges BLATT and DOYLE, sitting as a panel of three.

*John J. Robinson, Jr.,* for petitioner.

*William J. Kennedy,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

No appearance for intervenor.

OPINION BY JUDGE BLATT, November 12, 1982:

Clyde Altemose, Jr. (claimant) appeals a decision of the Unemployment Compensation Board of Review (Board) which denied him benefits on the basis that he voluntarily terminated his employment without cause of a necessitous and compelling nature.[1]

---

[1]Section 402(b)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

The claimant was employed by the Effort Foundry, Inc. (employer) as a grinder. He testified that, upon the advice of his physician, he informed his employer that an ailment involving particles in his left eye made him unable to perform his duties. His employer then offered him a position on the second shift (3:30 p.m. to 12:00 a.m.) which would not involve grinding, but the claimant responded that he could not "hack" second shift and he refused to discuss or consider the job any further.[2] A few days after quitting, however, he returned to his former employer and asked if he could have the second shift job. The position having already been filled, he then applied for benefits. The Bureau (now Office) of Employment Security found him to be eligible and he received approximately $1322 in benefits for the weeks November 5, 1977 through January 21, 1978. On January 26, 1978, the Bureau revised its determination and found that Section 402(b)(1) of the Law rendered him ineligible for benefits because his unemployment was due to his voluntary termination of his employment without cause of a necessitous and compelling nature. The Bureau also determined that he had received a non-fault overpayment under Section 804(b) of the Law, 43 P.S. §874(b), for the weeks he had received benefits. Upon appeal, the referee agreed that the claimant was ineligible under Section 402(b)(1) and in addition, even though neither side challenged the Bureau's Section 804(b) determination, found that the claimant had received a $1322 fault overpayment and ordered that it be recouped[3]

[2] Accordingly, the Board found that there was no discussion as to what wages he would receive and that given his seniority, he would not have had to take a pay cut in order to take the job.

[3] The referee stated in his order that the fault overpayment to the appellant "must be recouped under Section 804(a)." We note that Section 804(a) provides for "repayment" not "recoupment," which is set forth under Section 804(b) of the Law.

under Section 804(a) of the Law. The claimant then appealed to the Board which, discussing the voluntary termination issue but not the repayment order, affirmed the referee's decision. The instant appeal followed.

Before us the claimant first argues that the evidence in the record does not support the Board's findings. It is well-settled that a claimant, in order to be eligible for benefits under Section 402(b)(1) of the Law, must bear the burden of proving that his or her voluntary termination of the employment relationship was for cause of a necessitous and compelling nature. *Martin v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 304, 387 A.2d 998 (1978). And where, as here, the party with the burden of proof has not prevailed below, our scope of review is limited to a determination of whether an error of law was committed or competent evidence was capriciously disregarded in making the necessary factual findings. *Querry v. Unemployment Compensation Board of Review*, 63 Pa. Commonwealth Ct. 170, 437 A.2d 1048 (1981).

After carefully reviewing the record and noting that a great deal of conflicting testimony was given below, we cannot say that the Board capriciously disregarded competent evidence in resolving such conflict in the employer's favor and in arriving at its findings of fact. We have recognized in *Lovrekovic v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 364, 366, 387 A.2d 685, 686 (1978), that "[o]nce an employee submits a resignation which sets in motion the process whereby a replacement is hired his subsequent unemployment is deemed a voluntary termination, rather than a discharge, when the employer elects to retain the replacement upon an attempt by an employee to withdraw the resignation." *See also O'Connor v. Unemployment*

*Compensation Board of Review,* 50 Pa. Commonwealth Ct. 573, 413 A.2d 458 (1980). And it is clear that a mere dissatisfaction with work hours is not a cause of a necessitous and compelling nature, such as to justify a claimant's voluntary termination of his employment. *Stalc v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 131, 318 A.2d 398 (1974). We believe, therefore, that the Board did not commit an error of law in concluding on the basis of its factual findings that this claimant was ineligible for benefits under Section 402(b)(1) of the Law.

The claimant next argues that he should not be subject to repayment, as provided for by Section 804 (a) of the Law, for the $1322 in benefits he received because the referee erred in reversing the Bureau's determination that the overpayment was non-fault in nature under Section 804(b). We note that the Board in its brief "*concedes* that there is not a sufficient evidentiary basis in the record for concluding that the claimant received a *fault* overpayment of benefits under Section 804(a) . . . and that the overpayment totaling $1322 . . . must be treated [as non-fault] under Section 804(b). . . ." (Emphasis in original.)

We will, therefore, affirm the Board's order insofar as it states that this claimant is ineligible for benefits, but we must reverse the order to the extent that it upholds the referee's determination that the claimant is subject to repayment.

### Order

And Now, this 12th day of November, 1982, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed insofar as it finds this claimant ineligible for benefits but reversed to the extent that it upholds the referee's determination that the claimant received a

fault overpayment of $1322 repayable under Section 804(a) of the Law, 43 P.S. §874(a).

It is further ordered that the Office of Employment Security's determination that the overpayment which the claimant received be deemed non-fault and subject to the recoupment provisions of Section 804 (b) of the Law, 43 P.S. §874(b), is hereby reinstated.