509 A.2d 893

Margo D. Nissley, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 19, 1985, to Judges MACPHAIL, DOYLE and BARRY, sitting as a panel of three.

*Galen R. Waltz, Petrina Law Offices,* for petitioner.

*James K. Bradley,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, May 13, 1986:

Claimant, Margo D. Nissley, appeals an order of the Unemployment Compensation Board of Review (Board) affirming a referee's decision denying her benefits under Section 402(b) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b).

The referee made the following factual findings:

1. Claimant was last employed as a dental hygienist by John A. Capello, D.M.D. from February 3, 1984 at a final rate of $85 a day and her last day of work was November 16, 1984.

2. In September 1984, she asked Dr. Capello for a raise and when he replied in the negative, she remarked that she would have to look for other work.

3. He asked her if she would give only two weeks' notice and she replied yes.

4. Because his patients are scheduled a month in advance, Dr. Capello needed to be sure of having a hygienist and two weeks' notice was insufficient; he therefore placed an ad for a hygienist in the papers in September 1984.

5. On October 10, 1984, he again asked the claimant if she would be giving him only two weeks' notice and she again replied yes.

6. After the employer was able to find a replacement, he told the claimant that November 16, 1984 would be her last day and he gave her two weeks severance pay.

7. The claimant voluntarily terminated her employment because of her dissatisfaction with the rate of pay.

8. She was paid in accordance with the terms of hire; she had not been promised a raise at the time of hire.

Based on these facts the referee and the Board concluded that claimant voluntarily terminated her employment without cause of a necessitous and compelling nature. We disagree.

Whether an employee's conduct constitutes a voluntary termination is a question of law subject to our review. *Correa v. Unemployment Compensation Board of Review,* 31 Pa. Commonwealth Ct. 13, 374 A.2d 1017 (1977). A mere statement by an employee that he or she is looking for other work does not amount to a resignation absent some additional triggering event. *York Tape & Label Corp. v. Unemployment Compensation Board of Review,* 62 Pa. Commonwealth Ct. 163, 435 A.2d 305 (1981). In *1030 North West End Boulevard, Inc. v. Unemployment Compensation Board of Review,* 53 Pa. Commonwealth Ct. 314, 417 A.2d 294 (1980), we specifically held that an employee who told her employer that she planned to leave her job sometime in the future *and* would give two weeks' notice before leaving "had not sufficiently set the wheels in motion to cause her to voluntarily terminate her employment." *Id.* at 317, 417 A.2d at 296. In *1030 North,* as in the case presently before us, the triggering event would have been the actual serving of the two weeks' notice.

The Board argues that *1030 North* is distinguishable because the employer in that case did not indicate that he needed more than two weeks' notice but the employer in the case at hand testified that two weeks' notice would not provide him sufficient time to train a new hygienist, especially in view of the fact that his patients were scheduled one month in advance. We cannot accept the Board's contention for the simple reason that although the employer stressed this point during the hearing, the record discloses that he never actually told claimant he needed more than two weeks' notice.[1]

---

[1] According to the employer's testimony, the only conversation he had with claimant regarding the two weeks' notice went as follows:

We, therefore, conclude that claimant did not voluntarily terminate her employment but was discharged. Based on these same facts we also conclude that claimant's behavior did not amount to willful misconduct. "Looking for another job does not, *in itself,* constitute willful misconduct." *York Tape,* 62 Pa. Commonwealth Ct. at 169, 435 A.2d at 308.

Reversed.

### ORDER

Now, May 13, 1986, the order of the Unemployment Compensation Board of Review at No. B-238630, dated March 6, 1985, is hereby reversed.

---

A.E. I said to her, 'Are you only going to give me two weeks notice?' She said, 'Yes.' On October 10 as we were loading the van with equipment, I asked her again. I said, 'Are you only going to give me two weeks notice? Are you looking for work?' She said, 'Yes.' And I said, 'Fine.' No comment at either time. . . .