Richard K. WADDELL, Petitioner,

v.

DEPARTMENT OF TRANSPORTATION, Respondent.

Commonwealth Court of Pennsylvania.

Argued Sept. 9, 1996.

Decided Nov. 14, 1996.

Reargument Denied Jan. 17, 1997.

Elliot A. Strokoff, Harrisburg, for Petitioner.

Robert C. Bell, Assistant Counsel, for Respondent.

Before SMITH and FLAHERTY, JJ., and NARICK, Senior Judge.

1. Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. § 741.951. Section 951 requires the Commission to hold a public hearing, inter alia, where an employee challenges a demotion.

SMITH, Judge.

Richard K. Waddell petitions for review of the June 28, 1995 order of the State Civil Service Commission (Commission) that dismissed Waddell's administrative appeal under Section 951 of the Civil Service Act[1] and sustained the action of the Department of Transportation (DOT) in demoting Waddell from his position as Transportation Construction Manager 1 (TCM–1), a pay range seven position, to construction documentation specialist, a newly created pay range six position. The title for Waddell's pay range seven position was "Documentation and Safety Control Officer for Engineering District 8–0."

The issues presented are (1) whether the Commission, contrary to this Court's remand order, failed to make adequate findings as to whether DOT misrepresented to Waddell that he would have to take a demotion to a pay range six position in order to continue to perform his computerized documentation system (CDS) duties; (2) whether fundamental fairness requires that DOT be estopped from relying on the voluntary aspect of Waddell's demotion where DOT misrepresented to Waddell that he would be allowed to continue his CDS duties in the new position; and (3) whether Waddell's demotion is justified under the Civil Service Act, where a pay range seven employee performs the CDS duties previously performed by Waddell.

In February 1992, the Executive Board of the Commonwealth created the new position of documentation specialist by separating certain enumerated duties from the construction cost manager position. The personnel office of DOT's Engineering District 8–0 was directed to review the duties and, if necessary, to fill the position. Waddell's former job duties included the documentation duties contained in the job description for the new position, as well as managerial duties. By memorandum dated April 22, 1992, David Guy, District 8–0's personnel manager, notified Waddell that the documentation duties were being reclassified to a new pay range six position. The memorandum also informed Waddell that his bid for this position

would represent a demotion, that there was continuing work available to Waddell at his present TCM–1 position, to which Waddell could be assigned, and that his current position was not being reclassified downward.

On April 27, 1992, a vacancy notice for the documentation specialist position was posted, and, on June 29, 1992, Waddell submitted to DOT a written request for voluntary demotion to the new position. In that request, Waddell reserved his right to appeal the demotion. Guy rejected Waddell's request and informed him that continuing work was available at the TCM–1 position and that there was no reason for Waddell to take a voluntary demotion. On July 6, 1992, Waddell submitted a second request, which did not contain a right of appeal. This request was approved; Waddell's demotion was processed and he began working as a documentation specialist on August 3, 1992.

Waddell subsequently filed an appeal challenging the demotion under Section 951 of the Civil Service Act. At an administrative hearing on the appeal both Waddell and DOT, as the appointing authority, presented evidence. The Commission issued an adjudication determining that Waddell's decision to continue to perform CDS duties by requesting a demotion to the lower level documentation specialist position was entirely voluntary, and thus the demotion was justified under Section 706 of the Civil Service Act.[2] In its adjudication, the Commission found that DOT established that had Waddell not requested the demotion, his classification would not have been affected by the reassignment of his CDS duties to the new position.

Waddell appealed that decision, and this Court in *Waddell v. Department of Transportation* (No. 3011 C.D.1993, filed December 2, 1994), vacated the Commission's order and remanded, after determining that the Commission had not made findings on the issue of whether Waddell presented sufficient evidence as to whether DOT made misrepresentations that induced Waddell to take the demotion. The Commission subsequently issued a June 28, 1995 "adjudication on remand" containing additional findings of fact. In its decision, the Commission found that Waddell had been fully informed by DOT's job description and class specifications of the duties of the documentation specialist position and that Waddell was not induced by any misrepresentations on the part of DOT's management to submit his second written request for voluntary demotion, which was approved.

■ In support of its findings, the Commission noted that it found credible Guy's testimony that he had several conversations with Waddell concerning the demotion and its ramifications. The Commission further noted that in a memorandum dated May 14, 1992 Waddell stated in writing that he was "fully cognizant" of the job description for the lower level documentation specialist position, and, therefore, Waddell either knew or should have known that he was relinquishing all of his managerial authority by taking the new position. Accordingly, the Commission again concluded that DOT established that Waddell's demotion was voluntary under Section 706 of the Civil Service Act and dismissed Waddell's appeal.[3]

---

**2.** 71 P.S. § 741.706. This section provides in part:

> A demotion may also be made by an appointing authority with the approval of the director upon the written petition of the employe stating the reasons therefor and supported by such evidence as the director may require to show that the employe is able to perform the duties of the class of position to which he petitions that he be demoted.

**3.** This Court's scope of review of the Commission's adjudication is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether an error

of law was committed or whether constitutional rights were violated. *Balas v. Department of Public Welfare, Allegheny County Assistance Office,* 151 Pa.Cmwlth. 53, 616 A.2d 143 (1992), *appeal denied,* 535 Pa. 639, 631 A.2d 1010 (1993). Where a case has been remanded by this Court, an administrative agency need not conduct additional evidentiary hearings if it is able to reach a decision consistent with its findings of fact and conclusions of law, as long as those findings are supported by substantial evidence. *York Tape and Label Corp. v. Unemployment Compensation Board of Review,* 62 Pa.Cmwlth. 163, 435 A.2d 305 (1981).

■ Waddell first contends that, contrary to this Court's remand order, the Commission refused to make findings concerning the central misrepresentation issues. Specifically, Waddell maintains that it is undisputed that DOT told him that in order for him to continue to perform CDS duties he would have to take a demotion to pay range six and that after Waddell took the demotion, DOT took away his CDS duties and transferred them to a pay range seven employee. DOT, to the contrary, contends that the Commission adequately addressed the misrepresentation issues raised by Waddell and that the Commission's finding that Waddell was not induced by any misrepresentation to apply for the demotion is supported by substantial evidence.

On remand, the Commission made the following necessary findings of fact:

12. By memorandum dated May 14, 1992, [Waddell] informed Guy that he [Waddell], understood the job description for Construction Documentation Specialist (CDS), and was "fully cognizant" of its contents. N.T. p. 17; [DOT] Exs. 3, 4.

13. On June 29, 1992, [Waddell] was provided with a copy of the appointing authority's Executive Board amendment which reclassified [Waddell's] CDS functions into a separate job. [Waddell] also received a copy of the class specifications for the lower level CDS position. N.T. pp. 41, 48; [Waddell] Ex. 1.

14. [Waddell], having been fully informed by the job description and the class specifications of the job duties of the new vacant position into which he applied to be demoted, was not induced by a misleading representation of management to submit his second request for a voluntary demotion by memorandum dated July 6, 1992. [DOT] Ex. 8.

Commission's Adjudication on Remand, p. 2. This Court's review of the record indicates that the Commission's findings on remand adequately address Waddell's claims of mis-representation and are supported by substantial evidence.

This Court concludes that Waddell's contention that DOT's April 22, 1992 memorandum (DOT Ex. 2) misled him is untenable. The memorandum states only that Waddell's "documentation control duties" have been reassigned. In any event, Waddell subsequently acknowledged in writing in a May 14, 1992 memorandum that "although in disagreement, I have read and am fully cognizant" of the contents of the new documentation specialist job description. *See* DOT Ex. 4. It is apparent that Waddell had full knowledge as to the scope of the duties for the new position. Whether Waddell agreed with DOT as to what those duties should be is irrelevant. Consequently, this Court concludes not only that the Commission adequately addressed Waddell's claims of misrepresentation but also that the Commission's necessary findings that Waddell was not induced by misrepresentations are supported by substantial evidence.[4]

■ Having held that the Commission correctly determined that Waddell was not induced by any misrepresentations of management to submit his request for a voluntary demotion to the documentation specialist position, the Court concludes that Waddell's contention that DOT is equitably estopped from arguing that Waddell's demotion was voluntary must also fail. In *State Public School Bldg. Auth. v. Noble C. Quandel Co.*, 137 Pa.Cmwlth. 252, 262, 585 A.2d 1136, 1141 (1991), this Court stated:

In order to apply the doctrine of equitable estoppel to a Commonwealth agency, the party sought to be estopped 1) must have intentionally or negligently misrepresented some material fact, 2) knowing or having reason to know that the other party would justifiably rely on the misrepresentation and 3) inducing the party to act to his detriment because of his justifiable reliance on the misrepresented fact.

---

4. Similarly, Waddell's contention that DOT's transfer of Waddell's CDS duties to a pay range seven employee after Waddell took the demotion amounted to punishment or disciplinary action in violation of Section 706 of the Civil Service Act is likewise without merit. Waddell admitted that he was aware of the duties of the new documentation specialist position and, to reiterate, there was no misrepresentation by DOT as to what duties Waddell would be performing if he took the demotion.

Given the absence of any misrepresentations in the present case regarding the duties of the pay range six documentation specialist position, this Court concludes that the doctrine of equitable estoppel is clearly inapplicable. The order of the Commission is accordingly affirmed.

FLAHERTY, J., concurs in the result only.

### ORDER

AND NOW, this 14th day of November, 1996, the order of the State Civil Service Commission dated June 28, 1995 is affirmed.