Joseph Fazio, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 2, 1981, before Judges WILKINSON, JR., BLATT and WILLIAMS, JR., sitting as a panel of three.

*John L. Jenkins, Barsky, Golden & Remick,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., March 18, 1981:

Claimant appeals to this Court to reverse an order of the Unemployment Compensation Board of Review (Board), which upheld a determination by the referee that the claimant is ineligible for benefits under Section 402(b)(1) of the Unemployment Compensation Law (Act), Act of December 5, 1936, P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1), for voluntarily terminating his employment without necessitous and compelling reason.

The facts of this case are not in dispute. Claimant Fazio was employed by the Borough of Dunmore as Director of Public Works for approximately seven years. Upon returning from an approved vacation on July 16, 1979, he met with the president of the borough council, at the president's request, and was informed that he would no longer be employed as Director of Public Works. At the same meeting, the president told claimant that another job would be available and offered, but that the details of the actual position, con‧ tinued seniority, and salary were not fully worked out. Claimant was advised to go home and take a few days vacation, while he waited to hear from the president of council. Upon reading in that evening's newspaper that he was removed from his position as Director of Public Works, claimant tendered his written resignation to the Borough.

Claimant argues in the alternative that, as a matter of law, the facts show that he was actually discharged by his employer without cause, or that he was

forced to leave his employment due to circumstances beyond his control. This Court sees merit in neither argument.

It is well established that the scope of our review includes a determination that the legal conclusion drawn by the Board from the findings is appropriate. *Richards v. Unemployment Compensation Board of Review*, 491 Pa. 162, 420 A.2d 391 (1980).

Claimant advances the argument that, upon review, this Court could, and should, determine that the findings before us support a determination that claimant was discharged without cause, rather than that he resigned. That argument fails in the light of his letter of resignation, and his own testimony that "they were working on something to see if they could get me a position as an operator or something like that." Claimant further testified that the council president stated that a job would be available, that several possibilities were being examined, and that he would contact claimant concerning the further employment.

Turning to claimant's second argument, it is again a question of law, and well within this Court's scope of review, to determine whether these undisputed facts constitute a voluntary leaving without cause of necessitous and compelling reason. *Martinez Unemployment Compensation Case*, 186 Pa. Superior Ct. 50, 140 A.2d 351 (1958), *Richards, supra*.

Before this Court can so decide, claimant must demonstrate that his behavior was consistent with prudence and ordinary common sense, and was based on factors which are real, substantial and reasonable, not imaginary, trifling, or whimsical. *Weglarz v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 505, 506, 399 A.2d 819, 820 (1979). He must further show that he made every reasonable effort to maintain the employment relationship. *Accord, Barni v. Unemployment Compensation Board of Re-*

*view*, 33 Pa. Commonwealth Ct. 588, 382 A.2d 505 (1978), *Sabella v. Unemployment Compensation Board of Review*, 52 Pa. Commonwealth Ct. 258, 415 A.2d 722 (1980).

For claimant to draft and submit a letter of resignation in reaction to a newspaper article, when the potential for employment hung in the balance, was behavior that was inconsistent with a sincere desire to maintain employment, and does not comport with standards of prudence and ordinary common sense.

We therefore find that the facts of this case support a conclusion of voluntary termination and affirm the decision of the Board.

### ORDER

AND NOW, the 18th day of March, 1981, the Order of the Unemployment Compensation Board of Review in the above-captioned case is hereby affirmed.