John T. Morelli, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 8, 1981, before President Judge CRUMLISH and Judges ROGERS and WILLIAMS, JR., sitting as a panel of three.

*David M. Axinn,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., September 28, 1981:

Claimant, John T. Morelli, appeals from an order of the Unemployment Compensation Board of Review (Board) denying him benefits for the claim weeks ending December 15, 1979 and December 22, 1979. That denial was based upon a determination that the claimant was self-employed during those claim weeks and, therefore, ineligible for benefits by force of Section 402(h) of the Unemployment Compensation Law (Law).[1]

The record shows that claimant's employment with National Fuel Gas was phased out after claimant had been employed there for seventeen years, and that his last day of work was June 30, 1979. In April of 1979, apparently in anticipation of losing his job, claimant entered into a partnership agreement which provided for equal interests between claimant and his partner in a septic tank cleaning business. The operation went into effect July 1, 1979. The claimant invested almost $21,000.00 in the business. By the terms of the agreement, each partner was to draw a salary of $200.00 a week. Subsequently, however, the loss of two major business contracts caused the partners to decide that the business would not support both their families, and plans were made to terminate the partnership. The claimant ceased to draw a salary on November 9, 1979, even though the partnership was not actually dissolved until December 31, 1979.

Claimant filed an application for benefits on December 9, 1979, which was initially denied by the Bureau of Employment Security. The referee affirmed the Bureau on appeal and determined that during the claim weeks in question, the claimant was self-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(h).

employed within the meaning of Section 402(h) of the Law and therefore ineligible for benefits. The Board, thereafter, affirmed the referee; and this appeal followed.

The claimant's argument on appeal is not clearly focused. Giving it its best reading, however, claimant's argument appears to be that since he drew no salary and performed no work in the partnership business after November 9, 1979, his status as a self-employed person ceased as of that date. The claimant further argues that he thus purged himself of the disqualifying status of being self-employed, and restored himself to an eligibility that arose upon his separation from National Fuel Gas. We reject the claimant's argument.

The claimant here concedes that upon the formation of the partnership in April of 1979, he became self-employed.[2] That concession is in accordance with our decision in *Unemployment Compensation Board of Review v. Finn,* 25 Pa. Commonwealth Ct. 512, 360 A.2d 288 (1976), that a positive act of establishing an independent business enterprise renders a person self-employed within the meaning of Section 402(h) of the Law. Given that the formation of the partnership rendered the claimant self-employed, it would follow that he continued in that status so long as he retained that partnership interest.[3] By the claimant's own testi-

---

[2] The claimant does not assert that his embarking on the partnership was a "side-line" activity that continued without substantial change after his separation from his previous employer, so as to bring him within the qualifying proviso of Section 402(h). *See Higgins v. Unemployment Compensation Board of Review,* 45 Pa. Commonwealth Ct. 509, 405 A.2d 1024 (1979) ; *Parente v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 455, 366 A.2d 629 (1976).

[3] This statement, of course, is directed only to the circumstances of the instant case, and does not address the situation where a partnership interest is a "side-line" to other employment.

mony, the partnership was not dissolved until December 31, 1979, which was subsequent to the claim weeks in question. The claimant also admitted that as of early 1980, his investment of almost $21,000 was still retained in the business. We must conclude, therefore, that as of the claim weeks here involved the claimant remained self-employed and thus ineligible for benefits.

The claimant's lack of income from the partnership after November 9, 1979 did not remove him from the status of being self-employed. *Unemployment Compensation Board of Review v. Kessler,* 27 Pa. Commonwealth Ct. 1, 365 A.2d 459 (1976). It is also irrelevant that he may not have worked in the operation of the business after that date, since active participation is not a prerequisite of self-employment. *Vuknic v. Unemployment Compensation Board of Review,* 45 Pa. Commonwealth Ct. 512, 405 A.2d 1030 (1979); *Finn, supra.* Nor is it significant that, during the claim weeks, the claimant was able and available to take a full time job had one been offered. That availability did not alter his self-employed status during that period, as a matter of law. *Kirk v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 92, 425 A.2d 1188 (1981). That status as a self-employed person disqualified the claimant from receiving unemployment benefits for the simple reason that one who is self-employed is not unemployed. *Id.*

Having concluded that the claimant remained self-employed during the claim weeks in question, there is no need for us to consider the claimant's other contention. Accordingly, we affirm the Board.

### ORDER

AND Now, the 28th day of September, 1981, the order of the Unemployment Compensation Board of Review, at Decision No. B-183677, is hereby affirmed.