Centerville Clinics, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 7, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

92

*J. Scott Leckie, Yablonski, King, Costello & Leckie,* for petitioner.

*Mark F. Geary,* for respondent, Marlene Dranzo.

OPINION BY JUDGE CRAIG, June 7, 1982:

Centerville Clinics, Inc., as employer, questions an order of the Unemployment Compensation Board of Review which awarded benefits to claimant Marlene Dranzo, reversing a referee's decision that the claimant was ineligible under Section 402(b)(1) of the Unemployment Compensation Law,[1] the voluntary quit disqualification.

Explaining that her immediate resignation on March 30, 1979, was the result of an "emotional outburst" caused by the employer's act of promoting another employee over her to the position of department head, the claimant admitted leaving work two hours early following a confrontation with her supervisors, but she argues that her attempt later to rescind

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

the resignation[2] rendered her eligible for benefits. After determining that the employer had not taken any steps to replace the claimant before receiving her revocation of the resignation,[3] the board, citing *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976), sustained the claimant's contention.

However, our later decision in *Funkhouser v. Unemployment Compensation Board of Review*, 53 Pa. Commonwealth Ct. 33, 416 A.2d 646 (1980), is controlling where, as here, the effective date of the claimant's resignation preceded her attempt to return to work. The testimony clearly indicates that on March 30 the claimant repeatedly assured her supervisors of her intention to resign immediately without notice. As we held in *Funkhouser, Walker* and the cases which followed it[4] are therefore inapplicable because they all involved examination of an employer's action to replace an employee who revoked a future-dated resignation before it took effect.

---

[2] The claimant's allegation of an attempt to revoke the resignation by telephone on Saturday, one day later, was controverted by the employer. The written revocation, however, was undisputedly received by the claimant's supervisor five days after the resignation. In any event, the attempted rescission followed the effective date of the claimant's resignation.

[3] Before considering the claimant's appeal from the referee's denial of benefits, the board ordered a special hearing to gather evidence solely on the issue of whether the employer had taken steps to replace the claimant between Friday, March 30, the date of her oral resignation, and Wednesday, April 4, the date of her written revocation.

[4] *Tretter v. Unemployment Compensation Board of Review*, 62 Pa. Commonwealth Ct. 69, 434 A.2d 919 (1981); *Goughnour v. Unemployment Compensation Board of Review*, 54 Pa. Commonwealth Ct. 83, 420 A.2d 30 (1980); *Benetz Inn v. Unemployment Compensation Board of Review*, 53 Pa. Commonwealth Ct. 314, 417 A.2d 294 (1980); *Lovrekovic v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 364, 387 A.2d 685 (1978).

Concluding, as a matter of law, that the claimant voluntarily terminated her employment without cause of a necessitous and compelling nature, we reverse.[5]

ORDER

Now, June 7, 1982, the order of the Unemployment Compensation Board of Review, No. B-178677, dated December 13, 1979, is reversed.

---

[5] Where the party bearing the burden of proof prevails before the board, our scope of review on appeal is to determine whether an error of law has been committed, and whether any necessary finding of fact is unsupported by substantial evidence. *Placid v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 250, 427 A.2d 748 (1981). Although the board did not decide whether the claimant had cause to resign because of its determination, the referee, who heard testimony on that issue, concluded that the claimant failed to meet her burden of showing necessitous cause. In view of the claimant's admission, both in her written rescission and at the hearing, that the resignation was the result of emotional duress due to the circumstances, we believe that the referee's conclusion may not be disturbed. *See Fazio v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 619, 426 A.2d 1270 (1981).