504 A.2d 989

Charles H. Johnson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 13, 1985, to President Judge CRUMLISH, JR., Judge ROGERS, and Senior Judge KALISH, sitting as a panel of three.

*Samuel J. Davis,* for petitioner.

*Charles D. Donahue,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, February 19, 1986:

This is the appeal of Charles H. Johnson (claimant) from an order of the Unemployment Compensation Board of Review (board) upholding a referee's decision denying the claimant benefits because he was

engaged in self-employment,[1] and establishing a fault overpayment.[2]

The referee made the following findings of fact:

1. For purposes of this appeal, the claimant was last employed by Stop and Go Food Store as a manager at a weekly salary of $340, and he last worked in August 1982.

2. A license to operate a public eating and drinking place known as the Junction House Cafe was issued to the claimant and Larry Mikesell, and the claimant signed the license on November 10, 1982.

3. Mr. Larry Mikesell is employed elsewhere, and the claimant was in charge of the day to day operations of the business.

4. The claimant signed all payroll checks, paid utilities, rent, made bank deposits, issued checks for the lottery license, purchased supplies, paid for equipment repairs, and paid the wage tax on employees.

5. The claimant exercised a substantial degree of control over the business.

6. The payroll records do not indicate any payment to the claimant for services rendered.

---

[1] Section 402(h) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(h) provides in pertinent part:

Any employee shall be ineligible for compensation for any week—

(h) In which he is engaged in self-employment. . . .

[2] Section 804(a) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §874 provides in pertinent part:

(a) Any person who by reason of his fault has received any sum as compensation, under this act to which he was not entitled, shall be liable to repay to the Unemployment Compensation Fund . . . a sum · equal to the amount so received by him and interest. . . .

7. The claimant was self-employed during the period at issue.

8. The claimant received benefits improperly as a result of his failure to disclose that he was self-employed.

The claimant asserts that he was not self-employed during the period in question. Evidence was received at the referee's hearing to the effect that the claimant was named a permittee on the municipal license given for the operation of the Junction House; that the claimant had authority and did pay the bills on business checks; that the claimant signed all payroll checks; that claimant made all bank deposits; that claimant used his own personal accounts in connection with the cafe; and that claimant purchased supplies. The claimant agreed at the hearing that he spent a lot of time at the cafe during the time he was receiving unemployment compensation. This evidence supports the findings made and the conclusions reached by the referee.

The claimant contends that because there was evidence in the form of his testimony and that of one Larry Mikesell, a full-time teacher, to the effect that Mikesell owned the cafe and that the claimant received no salary for much of the time he was concerned with the enterprise that a decision should have been made in his favor. But the law is that the findings of the referee which are affirmed by the board are binding on this court when supported by substantial evidence, although there is record evidence to the contrary. *Martin v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 304, 387 A.2d 998 (1978). It does not follow from the presence of conflicting evidence that the findings of fact are not supported by substantial evidence. *Geesey v. Unemployment Compensation Board of Review,* 33 Pa. Commonwealth Ct. 376, 381 A.2d 1343 (1978).

The fact that, as he asserts, the claimant received no payment in the form of salary and that the payroll records of the enterprise support this contention do not compel a contrary result. We have held that one may be self-employed although unremunerated. *Morelli v. Unemployment Compensation Board of Review*, 62 Pa. Commonwealth Ct. 66, 434 A.2d 1332 (1981).

Order affirmed.

## ORDER

AND Now, this 19th day of February, 1986, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

Senior Judge KALISH concurs in the result only.

---

DISSENTING OPINION BY PRESIDENT JUDGE CRUMLISH, JR.:

I respectfully dissent.

The majority places much emphasis on Johnson's authority as manager of the Junction House Cafe and relies heavily on the fact that Johnson was named as a permittee on the municipal license. Reasoning that Johnson exercised a substantial degree of control over the business, it determines that he was self-employed.

In my opinion, neither of these factors addresses the threshold question of whether Johnson owned the Cafe. A necessary element to a determination of self-employment is ownership. *Starinieri Unemployment Compensation Case*, 447 Pa. 256, 289 A.2d 726 (1972). If Johnson did not own an interest in the Cafe, he cannot be self-employed and the amount of control he exercised in the Cafe is irrelevant.

Neither the Board nor the referee made any finding as to ownership of the Cafe. The record contains no evidence of an ownership interest by Johnson. In fact, there was record evidence of a bill of sale for

the Cafe executed solely by a Larry Mikesell. Moreover, Mikesell testified that he alone owned the Cafe.

Johnson's contention that he was an agent for Mikesell and not an owner is meritorious. In *Pisano v. Unemployment Compensation Board of Review,* 82 Pa. Commonwealth Ct. 475, 477 A.2d 1 (1984), we held that a claimant who managed a restaurant was not self-employed. In that case, claimant could hire and fire the bartenders, waiters and waitresses, as well as pay for items delivered to the restaurant.

Accordingly, I would reverse the Board's order denying Johnson benefits.