IN THE COMMONWEALTH COURT OF PENNSYLVANIA


Michael Pollice, : 
             Petitioner : 
    : 
         v. : No. 384 C.D. 2015
    : Submitted: October 23, 2015
Unemployment Compensation : 
Board of Review, : 
             Respondent : 


BEFORE:   HONORABLE DAN PELLEGRINI, President Judge
             HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE JAMES GARDNER COLINS, Senior Judge


<u>OPINION NOT REPORTED</u>


MEMORANDUM OPINION BY
PRESIDENT JUDGE PELLEGRINI          FILED: November 16, 2015


       Michael Pollice (Claimant) petitions for review of the order of the Unemployment Compensation Board of Review (Board) finding him ineligible for benefits under Section 402(b) of the Unemployment Compensation Law (Law)[1]

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b). Section 802(b) provides that "[a]n employe shall be ineligible for compensation for any week … [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, irrespective of whether or not such work is in 'employment' as defined in this act[.]"

because he voluntarily quit his employment with Domenico's Ristorante (Employer)[2] for cause that is not necessitous or compelling. We affirm.

Since 1998, Claimant was employed as a manager by Employer's restaurant owned by his sister and brother-in-law, Patricia Lombardo and Dominic Lombardo. Claimant and his sister are next-door neighbors and Claimant lives with and cares for their mother who has dementia. Claimant had an argument with his sister because he told his nephews that their father, his brother-in-law, had "cheated" the IRS 20 years ago. During the argument, Claimant's sister left his home. Claimant followed his sister outside, threw his work keys over the fence and into his sister's swimming pool, and said, "I quit." When Claimant went to the restaurant the next day, he was refused entrance by his brother-in-law.

Claimant filed a claim and the UC Service Center granted benefits, accepting Claimant's assertion that he had been discharged and that Employer had failed to show that he engaged in disqualifying willful misconduct under Section 402(e) of the Law.[3] Employer appealed and a hearing was scheduled before a Referee. However, there was an incorrect zip code on the hearing notice sent to Employer so neither Employer nor its counsel received the notice and did not appear at the hearing.

---

[2] Employer intervened and filed a brief in support of the Board's Decision and Order in Claimant's appeal to this Court.

[3] 43 P.S. §802(e). Section 402(e) provides that "[a]n employe shall be ineligible for compensation for any week … [i]n which his unemployment is due to his discharge … from work for willful misconduct connected with his work…."

Claimant appeared and testified that he was fired because he got into a family argument with his sister and brother-in-law outside of work and was refused entry at the restaurant by his brother-in-law when he reported for work on the Friday following the argument. As a result, the Referee issued a decision affirming the UC Service Center's determination.

Employer appealed to the Board and requested a remand alleging that it had not received notice of the Referee's hearing. The Board remanded to the Referee to receive testimony and evidence on Employer's reason for its nonappearance at the prior hearing and new or additional testimony and evidence on the merits.[4] The evidence established that the notice of the prior hearing had the incorrect zip code, the Post Office returned the notice to the Board as undeliverable, and Employer conceded that it did not receive proper notice of the hearing.

As to the merits, Claimant's sister testified that following the argument, Claimant threw his work keys into their swimming pool, voluntarily quit his employment, and that he was never fired. Claimant's brother-in-law testified that his wife told him that Claimant had quit following the argument; that Claimant

---

[4] *See, e.g., Volk v. Unemployment Compensation Board of Review*, 49 A.3d 38, 47 (Pa. Cmwlth. 2012) ("[W]e hold that the Board may not rely *solely* upon the sufficiency of statements made in a petitioner's appeal document or request to reopen the hearing, but must provide the petitioner against whom the presumption of receipt is being asserted the opportunity to submit evidence to rebut that presumption and to support the asserted reasons believed to be proper cause for not appearing at the hearing before the Board determines whether the petitioner had proper cause for not attending the hearing….") (emphasis in original and footnote omitted).

was never fired; that Claimant did not come to the restaurant the following day and that he did not refuse to let Claimant come in the restaurant that day.

Claimant rejected his sister's and brother-in-law's version of events, but conceded that he made negative comments to his nephews regarding his brother-in law and that he threw his keys into their swimming pool following an argument with his sister. However, he again testified that he never quit and that his brother-in-law prevented him from entering the restaurant when he reported to work the following day and told him that he did not work there anymore.

After finding that Employer's failure to appear at the first hearing was due to administrative error, the Board reversed the award of benefits, explaining:

> Based on the record before the Board, the Board concludes that the claimant had a fight with his employer/sister over comments he made to his nephews about their father. As a result of this fight, the claimant threw the keys over the fence adjoining the two homes into the swimming pool and abruptly quit his employment. The claimant is not credible that he was discharged during the fight on Thursday. The Board accepts as credible that the claimant attempted to return to work the following day but was refused entrance by his brother in law. However, as the claimant provided notice to the employer that he quit immediately the fact that he was subsequently refused entrance does not establish that he was discharged.

(Board 2/18/15 Decision and Order at 2-3).

4

In this appeal,[5] Claimant argues that the Board[6] abused its discretion and its findings are not supported by fact or law because he never voluntarily quit or intended to quit his employment and he was not absent without leave because he was a partner in the business and could freely come and go. Rather, he asserts that

[5] Our review of the Board's decision is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Middletown Township v. Unemployment Compensation Board of Review*, 40 A.3d 217, 222 n.8 (Pa. Cmwlth. 2012). We have defined "substantial evidence" as such "relevant evidence that a reasonable mind might consider adequate to support a conclusion." *Palladino v. Unemployment Compensation Board of Review*, 81 A.3d 1096, 1100 n.3 (Pa. Cmwlth. 2013), *appeal denied*, 95 A.3d 278 (Pa. 2014).

[6] While Claimant argues that the Referee erred in this regard, the record demonstrates that he is, in fact, appealing the Board's Decision and Order denying benefits. Additionally, it is settled that the Board, and not the Referee, is the ultimate finder of fact in unemployment compensation proceedings. *Peak v. Unemployment Compensation Board of Review*, 501 A.2d 1383, 1389 (Pa. Cmwlth. 1985); *Chamoun v. Unemployment Compensation Board of Review*, 542 A.2d 207, 208 (Pa. Cmwlth. 1988). Issues of credibility are for the Board, which may either accept or reject a witness' testimony whether or not it is corroborated by other evidence of record. This Court must examine the evidence in the light most favorable to the party who prevailed before the Board, and to give that party the benefit of all inferences that can be logically and reasonably drawn from that evidence. *Taylor v. Unemployment Compensation Board of Review*, 378 A.2d 829, 831 (Pa. Cmwlth. 1977). Findings of fact are conclusive on appeal if the record contains substantial evidence to support the findings. *Id.* The fact that a witness has presented a version of the facts different from that accepted by the Board is not a basis for reversal if substantial evidence supports the Board's findings. *Tapco, Inc. v. Unemployment Compensation Board of Review*, 650 A.2d 1106, 1108-09 (Pa. Cmwlth. 1994). "It is irrelevant whether the record contains evidence to support findings other than those made by the fact-finder; the critical inquiry is whether there is evidence to support the findings actually made." *Ductmate Industries, Inc. v. Unemployment Compensation Board of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008) (citation omitted). As the burdened party with respect to establishing necessitous and compelling cause, Claimant had to meet both his burden of production and his burden of persuasion. *See Kirkwood v. Unemployment Compensation Board of Review*, 525 A.2d 841, 844 (Pa. Cmwlth. 1987). The Board was free to reject Claimant's evidence regarding his purported necessitous and compelling cause even if it was unrebutted. *Carriers Terminal Company v. Unemployment Compensation Board of Review*, 449 A.2d 873, 874 (Pa. Cmwlth. 1982).

he properly returned to work after he had cooled down and that he was either discharged during the fight with his sister on Thursday or on Friday after he was refused entrance at the restaurant by his brother-in-law for reasons that do not constitute willful misconduct.

Where the claimant alleges that he did not quit but was fired, the claimant bears the burden to prove that he was discharged by the employer. *Bell v. Unemployment Compensation Board of Review*, 921 A.2d 23, 26 (Pa. Cmwlth. 2007). In order for a voluntary termination to be found, a claimant must have a conscious intent to resign from his employment. *Monaco v. Unemployment Compensation Board of Review*, 565 A.2d 127, 129 (Pa. Cmwlth. 1989). Additionally, when determining whether there has been a voluntary resignation, the totality of the circumstances must be considered. *Philadelphia Parent Child Center, Inc. v. Unemployment Compensation Board of Review*, 403 A.2d 1362, 1363 (Pa. Cmwlth. 1979). Whether a termination of services is a voluntary quit or a discharge is a question of law to be determined by this Court based upon the findings of fact made by the Board. *Goffi v. Unemployment Compensation Board of Review*, 427 A.2d 1273, 1274 (Pa. Cmwlth. 1981). Moreover, an employee can revoke a resignation before its "effective date" and before an employer took steps to replace him is entitled to benefits. *See PECO Energy Co. v. Unemployment Compensation Board of Review*, 682 A.2d 40, 45 (Pa. Cmwlth. 1996).

Here, Claimant's argument that he rescinded his resignation is based on the faulty premise that he did not immediately and effectively quit his employment when he told his sister "I quit" during their family argument and

threw his work keys into her swimming pool. Additionally, those facts support the Board's determination that Claimant voluntarily and effectively quit his employment that day before he attempted to revoke it by appearing at the restaurant on the following day. *See Spadaro v. Unemployment Compensation Board of Review*, 850 A.2d 855, 859 (Pa. Cmwlth. 2004) (holding that the claimant's resignation became effective when it was clearly accepted and his attempt to revoke it after the employer's acceptance failed because it was too late); *Centerville Clinics, Inc. v. Unemployment Compensation Board of Review*, 445 A.2d 1374, 1375 (Pa. Cmwlth. 1982); *Porter v. Unemployment Compensation Board of Review*, 434 A.2d 245, 246-47 (Pa. Cmwlth. 1981) (holding that a claimant's departure from the employer's premises without reclaiming her identification badge and orally proclaiming her resignation evidenced her immediate resignation notwithstanding the absence of a signed resignation form, and that she could not revoke the resignation where it was effective prior to the alleged act of revocation the following day).

Moreover, the Board properly found that the cause for Claimant's voluntary quit, the argument with his sister over a personal matter, was not necessitous and compelling cause supporting the award of benefits. *See Wert v. Unemployment Compensation Board of Review*, 41 A.3d 937, 940 (Pa. Cmwlth. 2012) (holding that personality conflicts, absent an intolerable work atmosphere, do not constitute necessitous and compelling cause to leaving one's employment); *Ann Kearney Astolfi DMD PC v. Unemployment Compensation Board of Review*, 995 A.2d 1286, 1289 (Pa. Cmwlth. 2010) (same). *See also Rooney v. Unemployment Compensation Board of Review*, 380 A.2d 957, 958-59 (Pa.

Cmwlth. 1977) (holding that resentment of a reprimand, absent unjust accusations, abusive conduct or profane language, does not constitute necessitous and compelling reason for terminating employment).

In sum, we will not accede to Claimant's request to reassess or reweigh the evidence presented to the Board, and the mere fact that he has presented a version of the facts different from that accepted by the Board is not a basis for reversal because substantial evidence supports the Board's findings.

Accordingly, the Board's order is affirmed.

_____
DAN PELLEGRINI, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Pollice,                          :
                    Petitioner            :
                                          :
            v.                            : No. 384 C.D. 2015
                                          :
Unemployment Compensation                 :
Board of Review,                          :
                    Respondent            :


**O R D E R**


AND NOW, this 16th day of November, 2015, the order of the Unemployment Compensation Board of Review, dated February 18, 2015, at No. B-14-09-A-9766, is affirmed.


_____
DAN PELLEGRINI, President Judge