IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Barbara Young,                           :
                          Petitioner     :
                                         :
            v.                           :
                                         :
Unemployment Compensation                :
Board of Review,                         :    No. 1574 C.D. 2024
                          Respondent     :    Submitted: March 3, 2026


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE STELLA M. TSAI, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE TSAI                              FILED: April 17, 2026


        Petitioner Barbara Young (Claimant) petitions, *pro se*, for review of an order
of the Unemployment Compensation Board of Review (Board), affirming a decision
by a Referee which determined Claimant ineligible for benefits pursuant to Section
401(d)(1) of the Pennsylvania Unemployment Compensation Law (Law).[1]  Upon
review, we are constrained to affirm the Board's order.

        This present appeal pertains to Claimant's receipt of benefits with the
effective date of March 28, 2021.  Certified Record (C.R.) at CR3.  On February 3,
2022, the Department of Labor and Industry's Office of Unemployment
Compensation Benefits (UC Office) issued an A&A Reporting Disqualifying

---

[1] Act of December 5, 1936, Second Ex. Session., P.L. (1937) 2897, *as amended*, 43 P.S.
§ 801(d)(1). Section 401(d)(1) of the Law provides that "compensation shall be payable to any
employe[e] who is or becomes unemployed, and who . . . is able to work and available for suitable
work."

Determination (A&A Disqualifying Determination) that declared Claimant ineligible for benefits during the time period from March 28, 2021, through March 26, 2022, pursuant to Section 401(d)(1) of the Law because she was not able and available for work. *Id.* at CR76. Claimant filed a timely appeal of the A&A Disqualifying Determination. *Id.* at CR88.

A Referee conducted a hearing on March 23, 2022. *Id.* at CR117. Claimant introduced evidence of a Notice of Determination from March 12, 2021 (Section 402(b) Qualifying Determination), which determined her to be eligible for benefits under Section 402(b) of the Law.[2] *Id*. at CR133-34. However, that determination did not address whether Claimant was "able to work and available for suitable work," which was the very issue to be decided at the March 23, 2022 hearing. *Id*. at CR134. In previous Claimant Questionnaires, Claimant had responded that she was unable and unavailable to work. *Id*. At the hearing, the Referee elicited Claimant's testimony to "make sure [that Claimant] understood the question." *Id*. In responding to the Referee's inquiry about the possibility for Claimant to perform work while caring for her son-in-law and her grandchildren, Claimant testified that it "would have been impossible." *Id*. at CR136. Claimant testified that she never left her home between April 3, 2021, and September 25, 2021, because she was caring for her son-in-law in hospice and her grandchildren. *Id*. at CR137. In responding to the Referee's inquiry about the possibility for Claimant to perform virtual or remote work that she could do at home, Claimant testified in the negative and reported that her "medical problems and . . . watching the children" took "everything from her." *Id*. Later, Claimant confirmed that she did not "go out [of the house] at all" and

---

[2] Section 402(b) of the Law provides that: "an employe[e] shall be ineligible for compensation for any week . . . in which his unemployment was due to voluntarily leaving work without cause of a necessitous and compelling nature." 43 P.S. § 802(b).

there was no work she could have performed between March 28, 2021, and March 23, 2022. *Id*. at CR141.

The Referee issued a decision on March 24, 2022, affirming the A&A Disqualifying Determination that denied Claimant benefits pursuant to Section 401(d)(1). *Id.* at CR199-200. In so doing, the Referee made the following findings of fact:

1. For purposes of this appeal, . . . Claimant filed an application for Unemployment Compensation Benefits, effective March 28, 2021.

2. . . . Claimant was last employed as a full-time lead teacher in the infant room with Ace One from September 10, 2015, until July 31, 2020, her last day of work . . . .

3. On March 6, 2020, the Governor of Pennsylvania issued a Proclamation of Disaster Emergency in response to the COVID-19 pandemic.

4. Prior to her separation from Ace One on July 31, 2020, . . . Claimant advised the Employer of her concern about experiencing an adverse consequence of contracting COVID-19 due to her underlying medical conditions, including high blood pressure, diabetes, and severe anemia.

5. Prior to the separation, . . . Claimant needed to watch her grandchildren due to the serious illness and subsequent death of the children's father.

6. . . . Claimant voluntarily left this employment to protect her health and to assist with the care of her grandchildren.

7. . . . [C]laimant received a total of $9,400 in Pennsylvania Unemployment Compensation (UC) benefits for the weeks ending April 3, 2021, through September 25, 2021.

8. . . . [C]laimant received a total of $6,900 in Federal Pandemic Unemployment Compensation (FPUC) [benefits] for the weeks ending April 3, 2021, and September 25, 2021.

9. . . . Claimant was unable to do any work at all from March 28, 2021, until the date of the . . . Hearing on March 23, 2022, due to the need for her to take care of her grandchildren and due to her underlying medical conditions.

*Id.* at CR198.

In issuing the decision, the Referee acknowledged that Claimant's need to protect her health and care for her grandchildren constituted "cause of a necessitous and compelling nature" for her voluntary separation. *Id*. at CR199. The Referee noted, however, that claimants have the burden of proving that they are able to work and available for suitable work for each week at issue. *Id*. at CR200. In this case, the Referee concluded that Claimant was ineligible for benefits, citing Claimant's own repeated testimony from the hearing that she was not able and available for work. *Id*. As such, the Referee affirmed the A&A Disqualifying Determination. *Id*.

Claimant filed a timely appeal of the Referee's decision to the Board. *Id.* at CR209-10. The Board adopted and incorporated the Referee's findings and conclusions and affirmed the Referee's decision. *Id.* at CR220. Claimant then petitioned this Court for review of the Board's order.

On appeal,[3] Claimant appears to challenge whether there is sufficient evidence of record to support the Referee's finding of fact number 9, which provides that she "was unable to do any work at all from March 28, 2021, until the date of the hearing on March 23, 2022, due to the need for her to take care of her grandchildren and due to her underlying medical conditions." Appellant Br. at. 14-15, 19. Claimant also essentially argues that she misunderstood the questions and contends that if she was trained on remote work, she would perform such work. Appellant Br. at. 17.

Claimant argues that her Section 402(b) Qualifying Determination, which determined her eligible for benefits because she had a necessitous and compelling

---

[3] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa. C.S. § 704. Substantial evidence is relevant evidence that a reasonable mind might consider adequate to support a conclusion. *Constantini v. Unemployment Comp. Bd. of Rev.*, 173 A.3d 838, 842 (Pa. Cmwlth. 2017).

4

reason for her separation from her daycare employer, is evidence that she qualifies for benefits. *Id*. The Section 402(b) Qualifying Determination, however, merely determined Claimant not ineligible for benefits due to the "necessitous and compelling" reason that caused her voluntary separation from employment, but it **did not** consider eligibility under Section 401(d)(1) of the Law. C.R. at CR184.

Under Section 401(d)(1) of the Law, claimants must be able to work and available for suitable work to be eligible for benefits. 43 P.S. § 801(d)(1). The basic purpose for this requirement is "to establish that a claimant is actually and currently attached to the labor force." *Cillo v. Unemployment Comp. Bd. of Rev.* 514 A.2d 287, 288 (Pa. Cmwlth. 1986). At a minimum, a claimant must demonstrate that the claimant is "able to do some type of work[] and that there is a reasonable opportunity for securing such work." *Ruiz v. Unemployment Comp. Bd. of Rev.* 911 A.2d 600, 603 (Pa. Cmwlth. 2006). A claimant's filing of an application for benefits creates a rebuttable presumption that the claimant is able and available for work, and this presumption may be rebutted by evidence that the claimant is not "realistically attached to the labor force." *Scardina v. Unemployment Comp. Bd. of Rev.*, 537 A.2d 388, 390 (Pa. Cmwlth. 1988) (finding that rebuttable evidence includes illness, refusal to work, disability, etc.).

We will first address whether the Board's findings of fact are supported by substantial evidence. Substantial evidence is defined as relevant evidence upon which a reasonable mind could base a conclusion. *Constantini v. Unemployment Comp. Bd. of Rev.* 173 A.3d 838, 842 (Pa. Cmwlth. 2017). In determining whether there is substantial evidence to support the Board's findings, this Court must examine the testimony in the light most favorable to the prevailing party, giving that party the benefit of any inferences that can logically and reasonably be drawn from

5

the evidence. *Johnson v. Unemployment Comp. Bd. of Rev*. 502 A.2d 738, 740 (Pa. Cmwlth. 1986). A determination as to whether substantial evidence exists to support a finding of fact can only be made upon examination of the whole record. *Taylor v. Unemployment Comp. Bd. of Rev.* 378 A.2d 829, 831 (Pa. 1977). The Board's findings of fact are conclusive on appeal if there is substantial evidence in the record to support them. *Penflex, Inc. v. Bryson*, 485 A.2d 359, 365 (Pa. 1984). Even if there is evidence of record to the contrary, the Board's findings of fact are binding on our Court when supported by substantial evidence. *Johnson v. Unemployment Comp. Bd. of Re*v. 504 A.2d 989, 990 (Pa. Cmwlth. 1986).

At the March 23, 2022 hearing, Claimant testified several times that she was unable to work because of her medical conditions and testified several times that she was unavailable to perform any type of work due to her obligations to take care of her son-in-law and grandchildren. C.R. at CR136 ("I couldn't [work] . . . that would have been impossible."); CR137 ("No, because of my medical problems and then watching the children."); CR141 (Referee: " . . . there is no work that you could have performed at all; is that correct?" Claimant: "That is correct."). Claimant's own testimony serves as evidence to rebut the presumption of work availability. *Id*. As there is substantial evidence to support the Referee's finding of fact number 9 that Claimant was unable to do any work at all from March 28, 2021, until the date of the hearing on March 23, 2022, the Board did not err in concluding that Claimant is ineligible for benefits under Section 401(d)(1) of the Law.

As to Claimant's second argument about her misunderstanding and potential to work remotely if trained, we are constrained to consider the facts of the record

6

before us.  *See* Pa.R.A.P. 1551.  The facts Claimant now asks us to consider are not part of the record.[4]

Accordingly, we affirm the order of the Board.[5]

_____
STELLA M. TSAI, Judge

---

[4] We will only consider newly discovered evidence if the evidence was not already presented to the Board because it was not available at the time of the hearing. *Fisher v. Unemployment Comp. Bd. of Rev.*, 696 A.2d 895, 897 (Pa. Cmwlth. 1997) (holding that a party is only entitled to a remand to present new evidence/arguments if that evidence was not available at the time of the original hearing).  Here, Claimant's argument that she was able to be trained for remote work and would have done so if given the opportunity is based on evidence that was available to Claimant at the time of her original hearing.  As she did not present this evidence nor this argument then, we cannot consider it now.

[5] The Board's order affirms the Referee decision which determined Claimant's overpayment to be a **non-fault** overpayment under Section 804(b)(1) of the Law, 43 P.S. § 874(b)(1)  Section 804(b)(1) essentially provides that any person, who, **by no fault of her own**, receives an overpayment in unemployment benefits is **not required to repay the sum** but will, instead, have that sum deducted from any future unemployment compensation benefits payable to her during that benefit year or the next three benefit years.  C.R., Item No. 16 at 4; *see* 43 P.S. § 874.  As such, Claimant is not required to pay back the non-fault overpayments; rather, should Claimant thereafter be entitled to benefits during the relevant benefit year or the next three benefit years, the amount owed would be deducted from those future benefits.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Barbara Young,                        :
                Petitioner         :
                                    :
        v.                           :
                                      :
Unemployment Compensation            :
Board of Review,                     :
                Respondent       :    No. 1574 C.D. 2024

## **O R D E R**

AND NOW, this 17th day of April, 2026, the order of the Unemployment Compensation Board of Review is affirmed.

_____
STELLA M. TSAI, Judge