IN THE COMMONWEALTH COURT OF PENNSYLVANIA

C.B. Community Schools,                  :
                         Petitioner      :
                                         :
           v.                            :
                                         :
Unemployment Compensation                :
Board of Review,                         :     No. 1824 C.D. 2024
                         Respondent      :     Submitted: March 3, 2026


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE STELLA M. TSAI, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE TSAI                            FILED: May 28, 2026


           Petitioner C.B. Community Schools (Employer) petitions for review of an
order of the Unemployment Compensation Board of Review (Board), which
reversed a decision by a Referee that denied unemployment compensation benefits
for Stacey Ames (Claimant). The Board's order reinstated Claimant's benefits under
Section 402(e) of the Unemployment Compensation Law (Law), pertaining to
willful misconduct.[1] Upon review, we now affirm the Board's order.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S.
§ 802(e). Section 402(e) of the Law provides that "an employe[e] shall be ineligible for
compensation for any week . . . in which his unemployment is due to his discharge or temporary
suspension from work for willful misconduct connected with his work." "Once the employer
meets its burden [of establishing willful misconduct], a claimant may prove he had good cause for
his actions. Good cause is established 'where the action of the employee is justifiable or reasonable
under the circumstances.'" *Dep't of Corr. v. Unemployment Comp. Bd. of Rev.*, 943 A.2d 1011,
1015 (Pa. Cmwlth. 2008) (quoting *Frumento v. Unemployment Comp. Bd. of Rev.*, 351 A.2d 631,
634 (Pa. 1976)).

The following facts are not in dispute. Claimant was employed by Employer as a Director of Social Emotional Learning and Exceptionalities in January 2021. On September 8, 2023, a trespasser entered the Employer's school grounds, and a confrontation ensued between the trespasser and a student at Employer's school. Claimant became involved in the situation and threw the trespasser's phone before the trespasser was removed from the premises. Employer conducted an investigation of the altercation and found that Claimant violated several work rules relating to insubordination, physical violence or harassment, and use of obscene and inappropriate language. Employer terminated Claimant's employment by letter dated January 10, 2024. Claimant then filed a claim for unemployment compensation benefits. The Department of Labor and Industry's Office of Unemployment Compensation Benefits sent Claimant a Disqualifying Separation Determination (Determination), denying unemployment compensation benefits because Claimant was "discharged for fighting" and did "not provide good cause for fighting." Certified Record (C.R.), Item No. 3 at 1.

Claimant appealed the Determination, claiming that she never physically assaulted or put her hands on anyone. C.R., Item No. 4 at 2. A Referee conducted a hearing on September 9, 2024. C.R., Item No. 16 at 2. Both Claimant and Employer appeared and presented testimony and evidence. *Id*. at 2-30.

Claimant provided testimony that the trespasser lied in order to gain access to the school, and then the trespasser proceeded to attack a student. *Id*. at 20-21. Claimant testified that, during the violent altercation between the trespasser and the student, the trespasser dropped her personal effects, including her phone. *Id*. at 21.

2

Claimant testified that she then approached the trespasser, inquiring about her reason for being there. *Id*. Claimant testified that the trespasser said several times that she would beat Claimant up and physically threatened Claimant. *Id*. at 21, 23.

Claimant testified that, as a mental health professional, Claimant is trained to identify a person's "triggers." *Id*. at 21. Claimant testified that she knew the trespasser's "trigger" was her phone, so she took possession of the trespasser's phone and threw the phone towards the door. *Id*. Claimant further testified that the trespasser immediately walked towards the door to retrieve the phone and was then escorted off the premises. *Id*. Finally, Claimant testified that she never threatened anyone or used obscene or inappropriate language at any point during the incident. *Id*. at 22, 24-25.

Employer presented the testimony of Megan McCrea, Employer's Director of Operations (Director McCrea); Robin Smart, Employer's Head of School (Smart); and Alexis Lawless, a former behavioral health consultant for Employer (Lawless). *Id*. Director McCrea, who was not Claimant's direct supervisor and who did not witness the September 8, 2023 incident, testified that she did not interview Claimant as part of the investigation that ultimately led to Claimant's termination. *Id*. at 9-11. Director McCrea, on cross-examination, could not recall what obscenity Claimant allegedly used on September 8, 2023, or what action formed the basis of her conclusion that Claimant had engaged in physical violence or harassment. *Id*. at 12-13. Smart briefly testified that she was not present during the incident and handed off the investigation to Director McCrea. *Id*. at 19-20. Lawless testified, from her first-hand knowledge of the incident, that the trespasser threatened to "F---" Claimant up. *Id*. at 16. Lawless further testified that after the trespasser threatened Claimant, Debra Stevens, another employee, stepped in between Claimant and the

3

trespasser.[2]  *Id.*  Lawless also testified that she heard Claimant say, "I'll beat you the F--- up" to the trespasser.  *Id.* at 16-17.

Following the hearing, the Referee affirmed the Determination, having concluded that Claimant's conduct constituted "willful misconduct" under Section 402(e) of the Law.  *Id.* at 3-4.  As such, Claimant was not entitled to benefits.

Claimant filed a timely appeal of the Referee's Decision to the Board.  C.R., Item No. 18 at 1.  The Board issued the following findings of fact:

1.  . . . [C]laimant worked for [Employer], full-time as a Director of S.E.L. and Exceptionalities . . . from January 2021 through September 20, 2023.

2.  . . . [E]mployer maintains work rules including insubordination, physical violence or harassment, including threats, intimidation, or retaliation against any individual, and use of obscene and inappropriate language.

3.  . . . [C]laimant was or should have been aware of . . . [E]mployer's work rules.

4.  On September 8, 2023, a trespasser and a student were involved in an altercation, which . . . [C]laimant became involved in.

5.  . . . [E]mployer initiated an investigation of the incident effective September 26, 2023.

6.  During the investigation, . . . [E]mployer interviewed 3 witnesses and concluded that . . . [C]laimant violated multiple work rules including insubordination, physical violence or harassment including threats, intimidation, or retaliation against any individual, and use of obscene and inappropriate language.

7.  . . . [E]mployer terminated . . . [C]laimant after she returned from a Leave of Absence for health reasons.

C.R., Item No. 20 at 1-2.

The Board reversed the Referee's decision, reasoning:

In this matter, . . . [E]mployer has met its burden of proof showing that . . . [C]laimant violated its policies by throwing a trespasser's phone

---

[2] Debra Stevens did not testify at the hearing.

4

during an altercation. The burden now shifts to . . . [C]laimant to prove good cause for her actions.

. . . .

. . . [C]laimant credibly testified that she needed to throw the phone in order to get the trespasser to move towards the door so that she could be removed from the premises. . . . [T]he Board finds . . . [C]laimant credibly testified that she felt that she was in physical danger due to the aggressiveness of the trespasser. . . . [C]laimant further testified that she was not using obscenities, despite [E]mployer's witnesses saying that she did.

*Id*. Based on that reasoning, the Board concluded that Claimant "met her burden to show good cause for her violations of . . . [E]mployer's policies." *Id*. Employer then petitioned this Court for review.

On appeal,[3] Employer sets forth two issues. First, Employer essentially argues that substantial evidence of record does not exist to support the Board's findings regarding Claimant's reasons for throwing the trespasser's phone. Appellant's Br. at 12. Additionally, Employer argues that the Board capriciously disregarded material evidence in failing to make an "essential credibility determination" regarding whether Claimant used obscenities. *Id*. at 4, 16.

First, we will address whether the Board's findings of fact are supported by substantial evidence. Substantial evidence is defined as relevant evidence upon which a reasonable mind could base a conclusion. *Constantini v. Unemployment Comp. Bd. of Rev.*, 173 A.3d 838, 842 (Pa. Cmwlth. 2017). In determining whether there is substantial evidence to support the Board's findings, this Court must examine the testimony in the light most favorable to the prevailing party, giving that

---

[3] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa. C.S. § 704.

party the benefit of any inferences that can logically and reasonably be drawn from the evidence. *Johnson v. Unemployment Comp. Bd. of Rev.*, 502 A.2d 738, 740 (Pa. Cmwlth. 1986). A determination as to whether substantial evidence exists to support a finding of fact can only be made upon examination of the whole record. *Taylor v. Unemployment Comp. Bd. of Rev.*, 378 A.2d 829, 831 (Pa. 1977). The Board's findings of fact are conclusive on appeal if there is substantial evidence in the record to support them. *Penflex, Inc. v. Bryson*, 485 A.2d 359, 365 (Pa. 1984). Even if there is evidence of record to the contrary, the Board's findings of fact are binding on our Court when supported by substantial evidence. *Johnson v. Unemployment Comp. Bd. of Rev.*, 504 A.2d 989, 990 (Pa. Cmwlth. 1986).

We interpret Employer's argument as a substantial evidence challenge to the Board's findings as to the reason Claimant threw the trespasser's phone. Appellant's Br. at 10-13. Employer discounts the Board's findings that Claimant felt she was in physical danger. *Id*. Employer contends that "nowhere in [Claimant's] testimony does she state that she felt she was in physical danger, scared, or feared for her bodily safety during the altercation." *Id*. Employer suggests that because another employee stepped between Claimant and the trespasser, Claimant did not fear for her safety and, therefore, further suggests that Claimant did not throw the phone out of fear for her physical well-being. *Id*. at 8.

A review of the record reveals that Claimant testified that "[the trespasser] turn[ed] in front of me to block me from walking, telling me she's going to beat me up all in my face." C.R., Item No. 16 at 21. As this trespasser was involved in an altercation with a student and physically threatened Claimant, Claimant took action to remove the trespasser from the premises. *Id*. Because Claimant was in possession of the trespasser's phone after Claimant picked it up after the first altercation and

because Claimant knew that the trespasser's "trigger" was her phone, Claimant testified that she threw the trespasser's phone towards the exit door of the common area of the school. *Id*. Claimant testified that the trespasser immediately headed towards the phone and was quickly escorted out of the school building because the trespasser was now close to the exit door. *Id*. In throwing the trespasser's phone towards the exit door, Claimant accomplished her goal of extricating the trespasser from the premises, ending the danger to Claimant and to the school. *Id*. Thus, substantial evidence exists to support the Board's findings that Claimant threw the phone because she wanted to remove the trespasser, who was threatening her physical well-being, from the premises.[4]

Next, we will address whether the Board capriciously disregarded evidence. In determining whether the Board capriciously disregarded evidence, we must decide if the Board "deliberately ignored competent evidence that any reasonable person would have considered to be important." *Jackson v. Unemployment Comp. Bd. of Rev.*, 933 A.2d 155, 156 n.4 (Pa. Cmwlth. 2007). We have previously held that capricious disregard of evidence is a "deliberate and baseless disregard of

---

[4] Employer appears to take issue with the fact that Claimant did not testify using "magic words" that she "felt" she was in "physical danger." Appellant's Br. at 13. We reject Employer's proposition that the facts testified to by Claimant were not sufficient to support a finding that Claimant's well-being was threatened or that she felt she was in physical danger, such that she was not engaged in self-defense when she threw the phone towards the exit. Claimant clearly testified that the trespasser "physically threatened" her and testified to the actions Claimant took to remove the danger from the premises. C.R., Item No. 16 at 22.

Moreover, to the extent that Employer may be attempting to advance an argument that the Board erred in concluding that Claimant had good cause to violate Employer's work rules, we reject such an argument. The Board's findings of fact support the conclusion that Claimant's actions were reasonable and justified under the circumstances and, therefore, constituted good cause. *See Frumento v. Unemployment Comp. Bd. of Rev.*, 351 A.2d 631, 634 (Pa. 1976) (holding that good cause is found where an employee's actions are "justified or reasonable" under the circumstances).

apparently reliable evidence. *Taliaferro v. Darby Twp. Zoning Hearing Bd.*, 873 A.2d 807, 814 (Pa. Cmwlth. 2005).

Employer essentially argues that the Board did not actually make a credibility determination regarding Claimant's alleged use of obscenities, specifically given Employer's witness testified that Claimant did use obscenities. Appellant's Br. at 16-17. As such, Employer argues that the Board "capriciously disregarded evidence because it failed to make an essential credibility determination that would have resolved a conflict in the evidence. *Id*. at 16.

In this case, the Board wrote:

> Respectfully, the Board finds that . . . [C]laimant credibly testified that she felt that she was in physical danger due to the aggressiveness of the trespasser . . . [C]laimant further testified that she was not using obscenities, despite [E]mployer's witnesses saying that she did.

C.R., Item No. 20 at 2.

It is unclear whether the Board credited Claimant's testimony that she did not use obscenities, but such a determination is not necessary for resolution of this matter.[5] The Board's clear-as-day credibility determination from the first sentence that Claimant felt she was in physical danger controls the "good cause" analysis, because any violation of work rules that was made either in self-defense or in self-protection would be justified. *See Sun Oil Co. v. Unemployment Comp. Bd. of Rev.*, 408 A.2d 1169 (Pa. Cmwlth. 1979) (affirming Board's decision in finding that a claimant acted in self-defense because "a reasonable belief of imminent bodily harm and feared danger of an assault justifies reasonable retaliatory force"). Additionally, we have found that profanities in the workplace will generally not be considered willful misconduct if the offensive language was provoked. *See Horace W.*

---

[5] It should be noted that the initial Determination indicated that the denial of benefits was based on fighting, not the use of obscenities.

8

*Longacre, Inc. v. Unemployment Comp. Bd. of Rev.*, 316 A.2d 110, 112 (Pa. Cmwlth. 1974) (stating "where there was provocation . . . we hold that the Board was correct in deciding that the claimant was not guilty of 'willful misconduct'"); *see also Cundiff v. Unemployment Comp. Bd. of Rev.*, 489 A.2d 948, 950 (Pa. Cmwlth. 1985) (stating "[vulgar language] will constitute willful misconduct unless provoked or de minimis").

Here, even if the Board had found that Claimant used an obscenity while engaged in self-defense and an attempt to remove the trespasser, we cannot conclude that such obscenity somehow negated the good cause for her actions. Thus, to the extent that the Board was not clear in whether it found Claimant's testimony regarding the use of obscenities to be credible, such lack of clarity does not constitute capricious disregard of evidence.

Accordingly, we affirm the order of the Board.

_____
STELLA M. TSAI, Judge


President Judge Cohn Jubelirer did not participate in the decision in this case.

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

C.B. Community Schools,      :
       Petitioner    :
            :
    v.        :
            :
Unemployment Compensation   :
Board of Review,       :
      Respondent   :   No. 1824 C.D. 2024

**O R D E R**

AND NOW, this 28th day of May, 2026, the order of the Unemployment Compensation Board of Review is AFFIRMED.

_____
STELLA M. TSAI, Judge